Your Missouri Courts — Missouri Case.net — Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print GrantedPublicAccess Logoff PETERRIGGS

## 2016-CV01038 - MICHAEL HEYSER V QUALITY TRAILER PRODUCTS, L ET AL (E-CASE)

Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution

This information is provided as a service and is not considered an official court record.

Click here to eFile on Case
Click here to Respond to Selected Documents
Sort Date Entries: Descending / Ascending Display Options: All Entries

**03/09/2020**

**Corporation Served**
Document ID - 20-SMOS-184; Served To - ROCKWELL AMERICAN MANUFACTURING; Server - ; Served Date - 05-MAR-20; Served Time - 09:10:00; Service Type - Special Process Server; Reason Description - Served

**Notice of Service**
Notice of Service of Summons to Rockwell American Manufacturing; Electronic Filing Certificate of Service.
**Filed By:** THOMAS F RALSTON
**On Behalf Of:** MICHAEL HEYSER

**03/03/2020**

**Summons Issued-Circuit**
Document ID: 20-SMOS-184, for ROCKWELL AMERICAN MANUFACTURING.

**03/02/2020**

**Order - Special Process Server**

**Motion Granted/Sustained**
**Associated Entries: 02/25/2020 - Motion Special Process Server**

**02/25/2020**

**Proposed Order Filed**
Proposed Order; Electronic Filing Certificate of Service.
**Filed By:** KENNETH DONALD KINNEY
**On Behalf Of:** MICHAEL HEYSER

**Motion Special Process Server**
Motion for Appointment of Private Process Server; Exhibit A; Electronic Filing Certificate of Service.
**Filed By:** KENNETH DONALD KINNEY
**Associated Entries: 03/02/2020 - Motion Granted/Sustained**

**02/19/2020**

**Order Granting Ext of Time**

**Motion Granted/Sustained**
**Associated Entries: 01/31/2020 - Motion for Extension of Time**

**02/12/2020**

**Corporation Served**
Document ID - 20-SMCC-1286; Served To - QUALITY TRAILER PRODUCTS, LP; Server - ; Served Date - 12-FEB-20; Served Time - 12:42:00; Service Type - Special Process Server; Reason Description - Served

**Corporation Served**
Document ID - 20-SMCC-1287; Served To - DEXTER AXLE COMPANY; Server - ; Served Date - 12-FEB-20; Served Time - 12:42:00; Service Type - Special Process Server; Reason Description - Served

**Notice of Service**
Notice of Service of Summons to Quality Trailer Products, LP; Electronic Filing Certificate of Service.
**Filed By:** KENNETH DONALD KINNEY
**On Behalf Of:** MICHAEL HEYSER

**Notice of Service**



Notice of Service of Summons to Dexter Axle Company; Electronic Filing Certificate of Service.
**Filed By:** KENNETH DONALD KINNEY

| | | |
|---|---|---|
| 02/11/2020 | ☐ | **Summons Issued-Circuit** |

Document ID: 20-SMCC-1287, for DEXTER AXLE COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-1286, for QUALITY TRAILER PRODUCTS, LP.

☐ **Order - Special Process Server**

| | | |
|---|---|---|
| 02/10/2020 | ☐ | **Proposed Order Filed** |

Proposed Order; Electronic Filing Certificate of Service.
**Filed By:** KENNETH DONALD KINNEY
**On Behalf Of:** MICHAEL HEYSER

☐ **Motion Special Process Server**
Motion for Appointment of Private Process Server; Electronic Filing Certificate of Service.
**Filed By:** KENNETH DONALD KINNEY

| | | |
|---|---|---|
| 01/31/2020 | ☐ | **Proposed Order Filed** |

Proposed Order Granting Motion
**Filed By:** KENNETH DONALD KINNEY

☐ **Motion for Extension of Time**
Plaintiffs Motion for Extension of Time to Serve Summonses; Electronic Filing Certificate of Service.
**Filed By:** KENNETH DONALD KINNEY
**On Behalf Of:** MICHAEL HEYSER
**Associated Entries:** 02/19/2020 - Motion Granted/Sustained

☐ **Amended Motion/Petition Filed**
First Amended Petition; Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E; Exhibit F; Electronic Filing
Certificate of Service.
**On Behalf Of:** MICHAEL HEYSER

| | | |
|---|---|---|
| 01/14/2020 | ☐ | **Entry of Appearance Filed** |

Entry of Appearance; Electronic Filing Certificate of Service.
**Filed By:** KENNETH DONALD KINNEY

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-343, for DEXTER AXLE COMPANY.

☐ **Summons Issued-Circuit**
Document ID: 20-SMOS-31, for ROCKWELL AMERICAN MANUFACTURING.

☐ **Order - Special Process Server**

☐ **Summons Issued-Circuit**
Document ID: 20-SMCC-342, for QUALITY TRAILER PRODUCTS, LP.

☐ **Case Mgmt Conf Scheduled**
Scheduled For: 05/04/2020; 9:00 AM ; JENNIFER PHILLIPS; Jackson - Independence

☐ **Judge Assigned**

| | | |
|---|---|---|
| 01/11/2020 | ☐ | **Filing Info Sheet eFiling** |

**Filed By:** THOMAS F RALSTON

☐ **Proposed Order Filed**
Proposed Order - Special Process Server.
**Filed By:** THOMAS F RALSTON
**On Behalf Of:** MICHAEL HEYSER

☐ **Motion Special Process Server**
Motion for Special Process Server.
**Filed By:** THOMAS F RALSTON

☐ **Designation of Lead Attorney**

Designation of Lead Counsel.
**Filed By:** THOMAS F RALSTON

☐ **Pet Filed in Circuit Ct**
Petition; Exhibit A; Exhibit B; Exhibit C; Exhibit D; Exhibit E.

**2016-CV01038**

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| *Plaintiff* | ) | Case No. |
| vs. | ) | |
| | ) | Division |
| QUALITY TRAILER PRODUCTS, LP, ET AL. | ) | |
| | ) | Judge |
| *Defendants* | ) | |

### DESIGNATION OF LEAD COUNSEL FOR PLAINTIFF

Pursuant to Local Rule 3.5, Thomas F. Ralston of the law firm Ralston Kinney, LLC is hereby designated lead attorney of record for Plaintiff.

Respectfully Submitted,

**RALSTON KINNEY, LLC**

/s/ *Thomas F. Ralston*
Thomas F. Ralston, MO #61052
Kenneth D. Kinney, MO #67435
4717 Grand Avenue, Suite 250
Tel: (816) 298-0086
Fax: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**

# 2016-CV01038

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| *Plaintiff* | ) | Case No. |
| vs. | ) | |
| | ) | Division |
| QUALITY TRAILER PRODUCTS, LP, ET AL. | ) | |
| | ) | Judge |
| *Defendants* | ) | |

## MOTION FOR SPECIAL PROCESS SERVER

COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 and Supreme Court Rules 54.13, hereby moves the Court for its Order appointing Tom Tippit, PPS20-0528, as private process server to serve Defendant in this case. Mr. Tippit is over the age of 18, is not a party to this action, currently appears on the Court's "Private Process Server Approval List" and has been prequalified to serve process for cases pending in the Sixteenth Judicial Circuit.

Respectfully Submitted,

**RALSTON KINNEY, LLC**

/s/ *Thomas F. Ralston*
Thomas F. Ralston, MO #61052
Kenneth D. Kinney, MO #67435
4717 Grand Avenue, Suite 250
Tel: (816) 298-0086
Fax: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**

**2016-CV01038**

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| *Plaintiff* | ) | Case No. |
| vs. | ) | |
| | ) | Division |
| QUALITY TRAILER PRODUCTS, LP, ET AL. | ) | |
| | ) | Judge |
| *Defendants* | ) | |

### ORDER APPOINTING SPECIAL PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and Tom Tippit (PPS20-0528) is hereby appointed to serve process in the above captioned matter.

_____          _____
**Date**                                              **JUDGE OR CLERK OF THE COURT**

**2016-CV01038**

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| **MICAHAEL HEYSER** | ) | |
| *Plaintiff* | ) | |
| **vs.** | ) | **Case No.** |
| | ) | |
| **QUALITY TRAILER PRODUCTS, LP** | ) | **Division** |
| Serve Registered Agent: | ) | |
| CT Corporation System | ) | **Judge** |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105 | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ROCKWELL AMERICAN MANUFACTURING** | ) | |
| Serve at Principal Place of Business: | ) | |
| 604 W. Main St. | ) | |
| Azle, TX 76020 | ) | |
| | ) | |
| **DEXTER AXLE COMPANY** | ) | |
| Serve Registered Agent: | ) | |
| The Corporation Company | ) | |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| *Defendants* | ) | |

## PETITION

Plaintiff Michael Heyser, pursuant to Supreme Court Rule 53.01, Rule 55, and R.S.Mo. § 213.111 hereby alleges the following in support of his claims for relief:

### INTRODUCTION

1.     In violation of the Missouri Human Rights Act, defendants Quality Trailer Products, LP ("Quality"), Rockwell American Manufacturing ("Rockwell"), Dexter Axle Company ("Dexter") (collectively referred to as "Defendants") subjected Plaintiff to disability discrimination and retaliation in violation of the Missouri Human Rights Act, R.S.Mo. § 213.010 et seq., ("MHRA").

2.     Plaintiff demands a trial by jury and seeks all relief available, including nominal, compensatory and punitive damages, costs, fees, an enhancement of fees, interest, and equitable

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

relief.

3.      In the event that Defendants employ less than 500 persons, the MHRA's limitation on "damages for future pecuniary losses emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses and punitive damages," R.S.Mo. § 213.111.4(2)(a-d), denies  Plaintiff "equal rights and opportunity under the law" and therefore violates Article I, Section 2 of the Missouri Constitution by arbitrarily and capriciously creating different classes of people based on the number of persons employed by their employer; as applied to this case it would mean that Plaintiff's damages for emotional distress, humiliation, frustration, and future economic loss are, as a matter of law, worth less than for a person who works for a larger employer, and there is no rational basis for the legislature to classify employees in such a manner; moreover, Defendants' liability for punitive damages would be decided based on the number of its employees instead of the reprehensibility of its conduct and its financial condition and there is no rational basis for the limitations of such damages based on the number of persons employed by Defendants.

## **PARTIES**

4.      **PLAINTIFF MICHAEL HEYSER** is an adult male resident and citizen of Missouri.

5.      Plaintiff is a "person" as defined by R.S.Mo. § 213.010(15).

6.      Plaintiff was employed by Defendants as a Warehouse Manager.

7.      In or about Aug. 2011, Plaintiff began employment with Quality.

8.      In or about Jan. 2013, Rockwell purchased or otherwise merged with Quality, and both employed Plaintiff thereafter.

9.      In or about Sept. 2016, Dexter purchased Rockwell and, with it, Quality.

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

10.     After about Sept. 2016, Defendants employed Plaintiff.

11.     Defendants employed Plaintiff until approximately April 23, 2018.

12.     During Plaintiff's employment with Defendants, he worked at Defendants' business facility located at 519 Duck Road, Grandview, MO 64030.

13.     **DEFENDANT QUALITY** is a limited partnership formed under Texas law.

14.     Quality's principal place of business is located at 604 W. Main Street, Azle, Texas 76020.

15.     Quality's corporate headquarters is located at 604 W. Main Street, Azle, Texas 76020.

16.     Quality has the same principal place of business as Rockwell.

17.     Quality has the same corporate headquarters as Rockwell.

18.     Throughout Plaintiff's employment with Quality, Quality was a "person" as defined by R.S.Mo. § 213.010(15).

19.     Quality employs 501 or more persons.

20.     Throughout Plaintiff's employment with Quality, Quality employed six or more persons in Missouri.

21.     Throughout Plaintiff's employment with Quality, Quality was engaged in an industry affecting commerce and employed six or more employees for each working day.

22.     Throughout Plaintiff's employment with Quality, Quality was an "employer" as defined by R.S.Mo. 213.010(8).

23.     Quality conducts ongoing and substantial business in Missouri.

24.     Quality employed Plaintiff to perform labor in Missouri.

25.     Plaintiff's employment with Quality ended in Missouri.

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

26.     Quality is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

1.     **DEFENDANT ROCKWELL** is a partnership incorporated under Texas law.

2.     Rockwell's principal place of business is located at 604 W. Main Street, Azle, Texas 76020.

3.     Rockwell's corporate headquarters is located at 604 W. Main Street, Azle, Texas 76020

4.     Throughout Plaintiff's employment with 2.  Rockwell, 2.  Rockwell   was   a "person" as defined by R.S.Mo. § 213.010(15).

5.     Rockwell employs 501 or more persons.

6.     Throughout Plaintiff's employment with Rockwell, Rockwell employed six or more persons in Missouri.

7.     Throughout Plaintiff's employment with Rockwell, Rockwell was engaged in an industry affecting commerce and employed six or more employees for each working day.

8.     Throughout Plaintiff's employment with Rockwell, Rockwell was an "employer" as defined by R.S.Mo. 213.010(8).

9.     Rockwell conducts ongoing and substantial business in Missouri.

10.     Rockwell employed Plaintiff to perform labor in Missouri.

11.     Plaintiff's employment with Rockwell ended in Missouri.

12.     Rockwell is an entity which acts through agents. It is liable for the conduct of its

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

13.     **DEFENDANT DEXTER** is a company incorporated under Delaware law.

14.     Dexter's principal place of business is located at 2900 Industrial Parkway East, Elkhart, Indiana 46516.

15.     Dexter's corporate headquarters is located at 2900 Industrial Parkway East, Elkhart, Indiana 46516.

16.     Throughout Plaintiff's employment with Dexter, Dexter was a "person" as defined by R.S.Mo. § 213.010(15).

17.     Dexter employs 501 or more persons.

18.     Throughout Plaintiff's employment with Dexter, Dexter employed six or more persons in Missouri.

19.     Throughout Plaintiff's employment with Dexter, Dexter was engaged in an industry affecting commerce and employed six or more employees for each working day.

20.     Throughout Plaintiff's employment with Dexter, Dexter was an "employer" as defined by R.S.Mo. 213.010(8).

21.     Dexter conducts ongoing and substantial business in Missouri.

22.     Dexter employed Plaintiff to perform labor in Missouri.

23.     Plaintiff's employment with Dexter ended in Missouri.

24.     Dexter is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which

5

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

25.     This Court has general original jurisdiction over this case pursuant to article V, section 14 of the Missouri Constitution because this is a civil case.

26.     Pursuant to R.S.Mo. § 213.111.1, venue is proper in this Court because the unlawful discriminatory acts giving rise to Plaintiff's MHRA claims took occurred in Jackson County, Missouri.

## FACTUAL ALLEGATIONS

27.     On or about Aug. 12, 2011, Quality hired Plaintiff for employment.

28.     In or about Jan. 2013, Quality was purchased by, or otherwise merged, with Rockwell.

29.     In or about Sept. 2016, Quality and Rockwell were purchased, or otherwise merged, with Dexter.

30.     From approximately Sept. 2016 until the termination of Plaintiff's employment, Defendants controlled the terms and conditions of Plaintiff's employment.

31.     Quality issued Plaintiff IRS W-2 forms.

32.     Plaintiff reported to the employees of Rockwell and Dexter.

33.     Dexter supplied Plaintiff's employment benefits through an employer plan and terminated those employment benefits with Plaintiff's termination.

34.     In or about April 2017, Plaintiff discovered a lump in throat.

35.     Plaintiff sought medical treatment and his medical provider recommended surgery.

6

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

36.     Jay Cagle (management/supervisor) worked with Plaintiff at Defendant's Grandview, Missouri facility.

37.     Plaintiff told Cagle of his medical condition and requested time off of work for the surgery.

38.     Cagle asked Plaintiff to delay the surgery.

39.     Plaintiff postponed the surgery at Cagle's request.

40.     In approximately May 2017, Robert Strickland became the Regional/Area Manager over Defendants' Grandview, Missouri facility.

41.     The lump in Plaintiff's neck continued to grow.

42.     Plaintiff lost partial mobility in his neck and shoulder.

43.     In or about June 2017, Plaintiff's medical provider recommended surgery on the lump as soon as possible.

44.     Plaintiff and his medical provider planned the surgery for about mid-July 2017.

45.     Plaintiff informed Cagle.

46.     Plaintiff also informed Cagle that the mass in Plaintiff's throat could be cancer.

47.     Cagle again asked Plaintiff to postpone the surgery.

48.     Plaintiff contacted his medical provider who urged Plaintiff not to delay the surgery.

49.     Plaintiff told Cagle that he would not postpone the surgery again and that the decision was based Plaintiff's medical provider's recommendations.

50.     Plaintiff requested time off for the surgery.

51.     Cagle became angry.

52.     Cagle told Plaintiff that he would report Plaintiff's physical condition, medical

7

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

treatment, and request for time off for surgery to Robert Strickland.

53.     Later, Cagle told Strickland was upset but if Plaintiff needed the time off for surgery then he needed the time off for surgery.

54.     On or about July 19, 2017, Plaintiff underwent surgery.

55.     During or after surgery, Plaintiff went into a coma and remained in a coma for approximately eight days.

56.     During the coma, Plaintiff's physical condition prevented him from performing most major life activities including, without limitation, consciousness, communication, mobility, or employment.

57.     On or about July 27, 2017, Alan Heyser (Plaintiff's brother) informed Strickland and Cagle of Plaintiff's medical treatment, physical condition, and prognosis.

58.     From approximately July 2017 until approximately Jan. 2018, Dexter provided Plaintiff short-term disability insurance benefits through its employer plan.

59.     After surgery, Plaintiff's medical providers told him the lump removed from neck was cancerous and that he required chemotherapy and radiation treatments.

60.     In or about Aug. 2017, Plaintiff informed Strickland and Cagle that he required further surgery for the port placement for chemotherapy, chemotherapy treatments, and radiation treatments.

61.     Plaintiff requested time off for the cancer treatments.

62.     By about Dec. 2017, Plaintiff completed his radiation and chemotherapy treatments, but was experiencing nerve damage and partial paralysis in the right side of his body.

63.     Plaintiff's medical provider recommended physical therapy but returned Plaintiff to work with restrictions.

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

64.     On or about Jan. 15, 2018, Plaintiff returned to work.

65.     Plaintiff provided his medical provider's return-to-work restrictions to Cagle.

66.     Cagle allowed Plaintiff to resume his position, but only for a portion of the day.

67.     Cagle then told Plaintiff that Plaintiff could not work, needed to leave, and not to return until his work restrictions were lifted entirely.

68.     Plaintiff told Cagle that he could work so long as the work was within his restrictions.

69.     Cagle told Plaintiff to leave until all his physical restrictions were lifted.

70.     On Jan. 15, 2018, Plaintiff could have performed the essential functions of his job with reasonable accommodation, but Defendants refused to provide the accommodations.

71.     In or about late-Jan. 2018, Plaintiff began physical therapy.

72.     On or about April 20, 2018, Plaintiff completed physical therapy.

73.     On or about April 20, 2018, Plaintiff's treating provider returned to work without restrictions and gave Plaintiff a return-to-work note.

74.     On or about April 20, 2018, Plaintiff informed Cagle of the completion of physical therapy, his return to work status, and that Plaintiff would report for work the following Monday, April 23.

75.     On or about April 23, 2018, Plaintiff returned to his position at Defendants' Grandview, Missouri facility.

76.     Plaintiff provided Cagle with his treatment provider's return-to-work note.

77.     Cagle instructed Plaintiff to carry out several work tasks including, without limitation, carrying boxes of papers up a flight of stairs.

78.     Cagle watched Plaintiff carry the boxes up the stairs for approximately three trips.

9

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

79.     After lunch, Cagle called Plaintiff to his office.

80.     Cagle had Strickland on the phone.

81.     Strickland told Plaintiff that his job was eliminated and that he was being terminated from his previous position of Warehouse Manager.

82.     Strickland told Plaintiff that he could be considered for an Administrative Assistant's position with "Rockwell American."

83.     Strickland told Plaintiff the position paid $16 per hour which was approximately a 40% reduction in pay for Plaintiff.

84.     Plaintiff informed Strickland he would have to discuss it with Plaintiff's wife.

85.     Strickland said, "Fine. But we're looking outside the company. I need to know by 8:00 a.m. tomorrow. Period."

86.     Plaintiff was instructed to leave for the day.

87.     Later, on or about April 23, 2018, Plaintiff called Strickland.

88.     Plaintiff told Strickland that he could have performed his job as of Jan. 15, 2018, with reasonable accommodation but Defendants refused to provide accommodations.

89.     Plaintiff made a complaint of disability discrimination with Strickland and asked how to get in touch with human resources.

90.     Strickland told Plaintiff that Human Resources would not overrule him.

91.     Strickland told Plaintiff that human resources employee he should contact to register his complaint was named *Vahnp*, in the corporate office Texas.

92.     Plaintiff told Strickland he may not be able to make a decision regarding the Administrative Assistant's position by the next morning and asked if that was a problem.

93.     Strickland said it was a problem and that he needed to fill the position.

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

94. On or about April 24, 2018, Plaintiff returned to Defendants' Grandview, Missouri facility.

95. Plaintiff asked Cagle if he could be considered for the Administrative Assistant's position for $18 per hour instead of $16 per hour.

96. Cagle said if needed to call Strickland.

97. Cagle called Strickland while Plaintiff was approximately 2 or 3 feet away.

98. During Cagle's call to Strickland, Plaintiff heard Strickland say, "After speaking with him and him accusing me of discrimination, you tell 'no' on the $18 and we're looking outside the company for this position."

99. On or about April 24, 2018, Plaintiff contacted human employees Vahnp L.N.U. by phoning Defendants' corporate office in Texas.

100. On or about April 24/25, 2018, Plaintiff made a complaint of discrimination/retaliation by telephone with Defendant's human resources employee, Vahnp.

101. On or about April 27, 2018, Vahnp called Plaintiff with Strickland on the phone.

102. Vahnp told Plaintiff he could still be considered for the Administrative Assistant's position.

103. Strickland spoke over Vahnp saying, "But the job doesn't pay $16 an hour anymore. It's $15 per hour now. And we're going outside the company to fill the position."

104. Vahnp then spoke over Strickland asking Plaintiff if they could speak by phone later and the conversation ended.

105. On or about April 29, 2018, Plaintiff registered a complaint of discrimination/retaliation with Defendants' human resources employee Vahnp.

106. On or about April 30, 2018, Vahnp contacted Plaintiff by phone.

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

107.     Vahnp told Plaintiff that it was clear he did not want the Administrative Assistant's position for $15.

108.     Plaintiff told Vahnp that he did not believe he could make it financially on $15 per hour.

109.     Vahnp responded by telling Plaintiff she would process his final paycheck and the conversation ended.

## ADMINISTRATIVE PROCEDURES

110.     On June 22, 2018, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights against Quality. The Charge was assigned  number E-06/18-49657. A copy of the Charge is attached hereto as **Exhibit A** and is incorporated herein by reference.

111.     Quality received notice of charge no. E-06/18-49657.

112.     On Jan. 7, 2020, the Missouri Commission on Human Rights issued Plaintiff a right-to-sue notice concerning charge no. E-06/18-49657 pursuant to the Missouri Human Rights Act. A copy of the notice is attached hereto as **Exhibit B** and incorporated herein by reference.

113.     On June 22, 2018, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights against Rockwell. The Charge was assigned  number E-06/18-49658. A copy of the Charge is attached hereto as **Exhibit C** and is incorporated herein by reference.

114.     Rockwell received notice of charge no. E-06/18-49658.

115.     On Jan. 7, 2020, the Missouri Commission on Human Rights issued Plaintiff a right-to-sue notice concerning charge no. E-06/18-49658 pursuant to the Missouri Human Rights Act. A copy of the notice is attached hereto as **Exhibit D** and incorporated herein by reference.

116.     On June 22, 2018, Plaintiff filed a Charge of Discrimination with the Missouri

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

Commission on Human Rights against Dexter. The Charge was assigned number E-06/18-49660. A copy of the Charge is attached hereto as **Exhibit E** and is incorporated herein by reference.

117.    Dexter received notice of charge no. E-06/18-49660.

118.    Dexter responded to charge no. E-06/18-49660 by providing information to the Missouri Commission on Human Rights.

119.    This <u>Petition</u> has been filed within 90 days of Jan. 7, 2020.

120.    This <u>Petition</u> has been filed within two years of the alleged discrimination.

<u>**COUNT I**</u>
**Missouri Human Rights Act –R.S.Mo. § 213.055**
**Disability Discrimination**
**(Against all Defendants)**

121.    Plaintiff incorporates by reference all other paragraphs in this <u>Petition</u>.

122.    Plaintiff has a disability as defined by R.S.Mo. § 213.010(5).

123.    Plaintiff has a disability of which Defendants were aware and/or Defendants regarded Plaintiff as being disabled.

124.    Defendants told Plaintiff that his position as Warehouse Manager was eliminated and terminated him from the position of Warehouse Manager because of his disability.

125.    Defendants told Plaintiff he could be "considered for" an administrative assistant's position at almost half of his previous salary because of his disability.

126.    Defendants constructively discharged Plaintiff because of his disability.

127.    Defendants' above-referenced discrimination directly caused or directly contributed to cause Plaintiff damages, including economic damages, humiliation, frustration, degradation and unnecessary hardship.

128.    The actions and conduct set forth herein demonstrate a reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

damages from Defendants, to punish Defendants and to discourage others from engaging in similar unlawful conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count I of his Petition, for a <u>Judgment</u> finding Defendants discriminated against Plaintiff in violation of R.S.Mo. § 213.055 and awarding Plaintiff nominal or compensatory damages, punitive damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court is permitted to grant Plaintiff to remedy Defendants' violations of the MHRA.

<div align="center">

**<u>COUNT II</u>**
**Missouri Human Rights Act – R.S.Mo. § 213.055**
**Disability Discrimination – Failure to Accommodate**
**(Against all Defendants)**

</div>

129.     Plaintiff incorporates by reference all other paragraphs in this <u>Petition</u>.

130.     Plaintiff requested reasonable accommodations.

131.     Plaintiff requested an accommodation in the form a job restructuring conforming with his return-to-work restrictions and physical limitations.

132.     Plaintiff could have performed the essential functions of the job had Defendants provided him this accommodation.

133.     Defendants could have reasonably provided Plaintiff this accommodation.

134.     Defendants failed to provide Plaintiff the accommodation of restructuring his job to conform to his restrictions and physical limitations.

135.     Defendants' failure to provide Plaintiff with this reasonable accommodation caused or directly contributed to cause Plaintiff damage.

136.     The actions and conduct set forth herein were outrageous and demonstrate Defendant's reckless indifference or conscious disregard for the rights of Plaintiff and others,

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

rendering Defendants liable for punitive damages in an amount that is fair and reasonable to punish Defendants and to deter Defendants and others from repeating this sort of misconduct.

WHEREFORE, Plaintiff prays for a judgment against Defendants on Count II of his Petition, for a Judgment finding Defendants discriminated against Plaintiff in violation of R.S.Mo. § 213.055 and awarding Plaintiff nominal or compensatory damages, punitive damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court is permitted to grant Plaintiff to remedy Defendants' violations of the MHRA.

### COUNT III
**Missouri Human Rights Act – R.S.Mo. § 213.070**
**Retaliation**
**(Against all Defendants)**

137.    Plaintiff incorporates by reference all other paragraphs in this Petition.

138.    Plaintiff's requests for accommodations were protected activities.

139.    Plaintiff complaints of discrimination and retaliation were protected activities.

140.    Defendants told Plaintiff his position as Warehouse Manager was eliminated because of his accommodation requests; *i.e.*, protected activity.

141.    Defendant terminated Plaintiff's employment as the Warehouse Manager because of Plaintiff's accommodation requests; *i.e.*, protected activity.

142.    Defendants told Plaintiff he could be "considered for" an administrative assistant's position at almost half of his previous salary because of his accommodation requests; *i.e.*, protected activity.

143.    Defendants told Plaintiff they "were going outside the company" to fill the administrative assistant's position because of Plaintiff's discrimination complaints; *i.e.*, protected activity.

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

144. Defendants rescinded the offer to consider Plaintiff for the Administrative Assistant position because of Plaintiff's discrimination complaints; *i.e.*, protected activity.

145. Defendants told Plaintiff the pay for the administrative assistant's position was being reduced from $16 per hour to $15 per hour because Plaintiff's discrimination complaints; *i.e.*, protected activity.

146. Defendants constructively discharged Plaintiff because of his accommodation requests and complaints of discrimination; *i.e.*, protected activities.

147. The above-referenced retaliation caused or directly contributed to cause him damages, including economic injury and distress, humiliation, unnecessary hardship, frustration, and degradation.

148. The actions and conduct set forth herein were outrageous and demonstrate Defendant's reckless indifference or conscious disregard for the rights of Plaintiff and others, rendering Defendant liable for punitive damages in an amount that is fair and reasonable to punish Defendant and to deter Defendant and others from repeating this sort of misconduct.

WHEREFORE, Plaintiff prays for a judgment against Defendants on Count III of his Petition, for a Judgment finding Defendants retaliated against Plaintiff in violation of R.S.Mo. § 213.070 and awarding Plaintiff nominal or compensatory damages, punitive damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court is permitted to grant Plaintiff to remedy Defendants' violations of the MHRA.

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

Respectfully Submitted,

**RALSTON KINNEY, LLC**

/s/ *Thomas F. Ralston*

Thomas F. Ralston, MO #61052
Kenneth D. Kinney, MO #67435
4717 Grand Avenue, Suite 250
Tel: (816) 298-0086
Fax: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**

**2016-CV01038**

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | E-06|18-49657 |
| | EEOC | 28E-2018-01188C |

### Missouri Commission on Human Rights

### Equal Employment Opportunity Commission

| NAME (Indicate Mr., Ms., Mrs.)<br>Michael L. Heyser | HOME TELEPHONE (Include Area Code)<br>REDACTED | |
|---|---|---|

| STREET ADDRESS<br>1 REDACTE Avenue | CITY, STATE AND ZIP CODE<br>Belton, MO 64012 | DATE OF BIRTH<br>REDACTE D |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Quality Trailer Product, L.P. | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE (Include Area Code)<br>(816) 761-3666 |
|---|---|---|

| STREET ADDRESS<br>519 Duck Road | CITY, STATE AND ZIP CODE<br>Grandview, MO 64030 | COUNTY<br>Jackson |
|---|---|---|

| NAME<br>Rockwell American, Polar Corporation, Dexter Axle Company and Dexter Axle Trucking Company | TELEPHONE NUMBER (Include Area Code)<br>Rockwell: (817) 444-4518<br>Polar: (320) 746-3401<br>Dexter Axle: (574) 295-7888<br>Dexter Axle Trucking: (574) 295-7888 |
|---|---|

| STREET ADDRESS<br>Rockwell: 604 W. Main Street, Azle, TX 76020<br>Polar Corp: 1015 West Saint Germain, Ste 430, St. Cloud, MN 56301<br>Dexter Axle Trucking: (Serve Registered Agent) CT Corporation System, 120 S. Central Ave., Clayton, MO 63105<br>Dexter Axle Company: (Serve Registered Agent) The Corporation Co., 120 S. Central Ave., Clayton, MO 63105 | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | RACE | | COLOR | | SEX | | RELIGION | | AGE |
|---|---|---|---|---|---|---|---|---|---|
| X | RETALIATION | | NATIONAL ORIGIN | X | DISABILITY | | Other | | |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)    LATEST (ALL)

Approx. April 23, 2018

X CONTINUING ACTION

PARTICULARS: I began employment with Respondents in 2011. In April 2017, I notified my employer that I discovered a lump in my throat and required surgery. My employer requested I delay the surgery due to workload. I did. In June 2017, I informed my employer that I needed surgery. My employer asked again for me to delay the surgery. I did not. I requested reasonable accommodations in the form of medical leave and on about July 19, 2017, I underwent surgery. I requested reasonable accommodation again in the form of medical leave and underwent radiation and chemotherapy. In early Aug. 2017, I informed respondents of my need for further medical treatment and again requested leave. I completed a stage of my treatment in about Dec. 2017, which left me with nerve damage and semi-paralysis. However, I was approved to return to work with restrictions. On Jan. 15, 2018, I returned to work at the Grandview facility. I worked a short period of time. Then, I was told to leave and not return until my work restrictions had been lifted. I was capable of performing my job duties with or without reasonable accommodations at that time, but Respondents would not accommodate me. I completed physical therapy and was returned to without restrictions. I notified respondents and then returned to work on about April 23, 2018. Upon return, my employer had me carry several boxes up stairs while watching. Then, Respondents informed me my job had been eliminated. They told me they were hiring for a position that paid about half my annual salary and that I could request that position. I told them I did not believe I could live on half my usual salary. I contacted HR and made a complaint of disability discrimination. Then, my employer reduced the pay of the position even further. I have been discriminated against based on a disability as defined by RSMo 213.010(5). I have been retaliated against in violation of RSMo 213.070 for requesting reasonable accommodations and opposing discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date 6-22-2018    Charging Party (Signature) | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. FILED<br><br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE JUNE 2 5 2018<br>(Day, month, and year)<br>6-22-2018<br>MO Commission on Human Rights<br>City Office |

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS **2016-CV01038**
# MISSOURI COMMISSION ON HUMAN RIGHTS

MICHAEL L. PARSON
GOVERNOR

ANNA S. HUI
DEPARTMENT DIRECTOR

Martha Staggs
COMMISSION CHAIRPERSON

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

Michael L. Heyser
 Avenue
Belton, MO 64012

## NOTICE OF RIGHT TO SUE

RE:    Michael L. Heyser vs. QUALITY TRAILER PRODUCTS, L.P.
       E-06/18-49657  28E-2018-01188C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

January 7, 2020
Date

C:    additional contacts listed on next page

☒          ☐          ☐          ☐          ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

RE:  Michael L. Heyser vs. QUALITY TRAILER PRODUCTS, L.P. **EXHIBIT B**
E-06/18-49657  28E-2018-01188C

QUALITY TRAILER PRODUCTS, L.P.
519 Duck Road
Grandview, MO 64030

Jennifer Bickley Hull
ATTORNEY AT LAW
110 W. Berry Street, Suite 2400
Fort Wayne, IN 46802

Thomas F. Ralston
ATTORNEY AT LAW
4717 Grand Avenue, Suite 250
Kansas City, MO 64112

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

**2016-CV01038**

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | E-06/18-49658 |
| | EEOC | 28E-2018-01189C |

### Missouri Commission on Human Rights

### Equal Employment Opportunity Commission

| NAME *(Indicate Mr., Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Michael L. Heyser | REDACTED |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| REDACTED Avenue | Belton, MO 64012 | REDACTED |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)* |
|---|---|---|
| Quality Trailer Product, LLC | 15+ | (816) 761-3666 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 542 Poole Road | Grandview, MO 64030 | Jackson |

| NAME | TELEPHONE NUMBER *(Include Area Code)* |
|---|---|
| Rockwell American, Polar Corporation, Dexter Axle Company and Dexter Axle Trucking Company | Rockwell: (817) 444-4518<br>Polar: (320) 746-3401<br>Dexter Axle: (574) 295-7888<br>Dexter Axle Trucking: (574) 295-7888 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| Rockwell: 604 W. Main Street, Azle, TX 76020<br>Polar Corp: 1015 West Saint Germain, Ste 420, St. Cloud, MN 56301<br>Dexter Axle Trucking: (Serve Registered Agent) CT Corporation System, 120 S. Central Ave., Clayton, MO 63105<br>Dexter Axle Company: (Serve Registered Agent) The Corporation Co., 120 S. Central Ave., Clayton, MO 63105 | | |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

| | | | | DATE DISCRIMINATION TOOK PLACE |
|---|---|---|---|---|
| [ ] RACE | [ ] COLOR | [ ] SEX | [ ] RELIGION | [ ] AGE | EARLIEST (ADEA/EPA) LATEST (ALL) |
| [X] RETALIATION | [ ] NATIONAL ORIGIN | [X] DISABILITY | | [ ] Other | Approx. April 23, 2018 |
| | | | | | [X] CONTINUING ACTION |

PARTICULARS: I began employment with Respondents in 2011. In April 2017, I notified my employer that I discovered a lump in my throat and required surgery. My employer requested I delay the surgery due to workload. I did. In June 2017, I informed my employer that I needed surgery. My employer asked again for me to delay the surgery. I did not. I requested reasonable accommodations in the form of medical leave and on about July 19, 2017, I underwent surgery. I requested reasonable accommodation again in the form of medical leave and underwent radiation and chemotherapy. In early Aug. 2017, I informed respondents of my need for further medical treatment and again requested leave. I completed a stage of my treatment in about Dec. 2017, which left me with nerve damage and semi-paralysis. However, I was approved to return to work with restrictions. On Jan. 15, 2018, I returned to work at the Grandview facility. I worked a short period of time. Then, I was told to leave and not return until my work restrictions had been lifted. I was capable of performing my job duties with or without reasonable accommodations at that time, but Respondents would not accommodate me. I completed physical therapy and was returned to without restrictions. I notified respondents and then returned to work on about April 23, 2018. Upon return, my employer had me carry several boxes up stairs while watching. Then, Respondents informed me my job had been eliminated. They told me they were hiring for a position that paid about half my annual salary and that I could request that position. I told them I did not believe I could live on half my usual salary. I contacted HR and made a complaint of disability discrimination. Then, my employer reduced the pay of the position even further. I have been discriminated against based on a disability as defined by RSMo 213.010(5). I have been retaliated against in violation of RSMo 213.070 for requesting reasonable accommodations and opposing discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>Date 6-22-2018 *Charging Party (Signature)* | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br><br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year)<br>6-22-2018 |

FILED
JUN 2 5 2018
Commission on Human Rights
City Office



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELA**2016-CV01038**
# MISSOURI COMMISSION ON HUMAN RIGHTS

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

| | | | |
|---|---|---|---|
| MICHAEL L. PARSON<br>GOVERNOR | ANNA S. HUI<br>DEPARTMENT DIRECTOR | Martha Staggs<br>COMMISSION CHAIRPERSON | ALISA WARREN, PH.D.<br>EXECUTIVE DIRECTOR |

Michael L. Heyser
 Avenue
Belton, MO 64012

## NOTICE OF RIGHT TO SUE

RE:  Michael L. Heyser vs. QUALITY TRAILER PRODUCTS D/B/A ROCKWELL AMERICAN
E-06/18-49658  28E-2018-01189C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

January 7, 2020
Date

C:     additional contacts listed on next page

☒                ☐                ☐                ☐                ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:  1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights          E-Mail: mchr@labor.mo.gov

RE:   Michael L. Heyser vs. QUALITY TRAILER PRODUCTS D/B/A ROCKWELL AMERICAN
**EXHIBIT D**
E-06/18-49658  28E-2018-01189C

QUALITY TRAILER PRODUCTS D/B/A ROCKWELL AMERICAN
604 West Main Street
Azle, TX 76020

Jennifer Bickley Hull
ATTORNEY AT LAW
110 W. Berry Street, Suite 2400
Fort Wayne, IN 46802

Thomas F. Ralston
ATTORNEY AT LAW
4717 Grand Avenue, Suite 250
Kansas City, MO 64112

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

**2016-CV01038**

Electronically Filed - Jackson - Independence - January 11, 2020 - 03:54 PM

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | E-06/18-49660 |
| | EEOC | 28E-2018-01191C |

### Missouri Commission on Human Rights

### Equal Employment Opportunity Commission

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Michael L. Heyser | REDACTED |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| REDACTED Avenue | Belton, MO 64012 | REDACTED |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Quality Trailer Product, L.P. | 15+ | (816) 761-3666 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 510 Buck Road | Grandview, MO 64030 | Jackson |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Rockwell American Polar Company, Dexter Axle Company and Dexter Axle Trucking Company | Rockwell: (817) 444-4518 <br> Polar: (320) 746-3401 <br> Dexter Axle: (574) 295-7888 <br> Dexter Axle Trucking: (574) 295-7888 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| Rockwell: 604 W. Main Street, Azle, TX 70020 <br> Polar Corp: 1015 West Saint Germain, Ste 479, St. Cloud, MN 56301 <br> Dexter Axle Trucking: (Serve Registered Agent) CT Corporation System, 120 S. Central Ave., Clayton, MO 63105 <br> Dexter Axle Company: (Serve Registered Agent) The Corporation Co., 120 S. Central Ave., Clayton, MO 63105 | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA) LATEST (ALL) |
|---|---|
| [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE <br> [X] RETALIATION  [ ] NATIONAL ORIGIN  [X] DISABILITY  [ ] Other | Approx. April 23, 2018 <br> [X] CONTINUING ACTION |

PARTICULARS: I began employment with Respondents in 2011. In April 2017, I notified my employer that I discovered a lump in my throat and required surgery. My employer requested I delay the surgery due to workload. I did. In June 2017, I informed my employer that I needed surgery. My employer asked again for me to delay the surgery. I did not. I requested reasonable accommodations in the form of medical leave and on about July 19, 2017, I underwent surgery. I requested reasonable accommodation again in the form of medical leave and underwent radiation and chemotherapy. In early Aug. 2017, I informed respondents of my need for further medical treatment and again requested leave. I completed a stage of my treatment in about Dec. 2017, which left me with nerve damage and semi-paralysis. However, I was approved to return to work with restrictions. On Jan. 15, 2018, I returned to work at the Grandview facility. I worked a short period of time. Then, I was told to leave and not return until my work restrictions had been lifted. I was capable of performing my job duties with or without reasonable accommodations at that time, but Respondents would not accommodate me. I completed physical therapy and was returned to without restrictions. I notified respondents and then returned to work on about April 23, 2018. Upon return, my employer had me carry several boxes up stairs while watching. Then, Respondents informed me my job had been eliminated. They told me they were hiring for a position that paid about half my annual salary and that I could request that position. I told them I did not believe I could live on half my usual salary. I contacted HR and made a complaint of disability discrimination. Then, my employer reduced the pay of the position even further. I have been discriminated against based on a disability as defined by RSMo 213.010(5). I have been retaliated against in violation of RSMo 213.070 for requesting reasonable accommodations and opposing discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE JUN 2 5 2018 (Day, month, and year) 6-22-2018 Commission on Human Rights City Office |
| Date 6-22-2018  Charging Party (Signature) | |



**IN THE  16TH JUDICIAL CIRCUIT  COURT, _____JACKSON COUNTY_____ , MISSOURI**

Electronically Filed - Jackson - Independence - January 14, 2020 - 02:06 PM

Michael Heyser,

        Plaintiff,

                vs.

Quality Trailer Products, Lp Et Al,

        Defendant.

Case Number:  2016-CV01038

## Entry of Appearance

Comes now undersigned counsel and enters his/her appearance as attorney of record for Michael Heyser, Plaintiff, in the above-styled cause.

/s/ Kenneth D. Kinney
Kenneth Donald Kinney
Mo Bar Number: 67435
Attorney for Plaintiff
4717 Grand Avenue
Suite 250
Kansas City, MO 64112
Phone Number: (816) 298-0070
ken@rklawllc.com

### Certificate of Service

I hereby certify that on _____January 14th, 2020_____, a copy of the foregoing was sent through the Missouri eFiling system to the registered attorneys of record and to all others by facsimile, hand delivery, electronic mail or U.S. mail postage prepaid to their last known address.

/s/ Kenneth D. Kinney
Kenneth Donald Kinney

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

**MICHAEL HEYSER,**

      **PLAINTIFF(S),**      **CASE NO.  2016-CV01038**

**VS.**               **DIVISION 12**

 **QUALITY TRAILER PRODUCTS, LP,**

      **DEFENDANT(S).**

**NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE**
**AND ORDER FOR MEDIATION**

---

   NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **JENNIFER PHILLIPS** on **04-MAY-2020** in **DIVISION 12** at **09:00 AM**.  All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting.  Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file.  All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

   A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2.  The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS.  Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

   At the Case Management Conference, counsel should be prepared to address at least the following:

   a.  A trial setting;

   b.  Expert Witness Disclosure Cutoff Date;

   c.  A schedule for the orderly preparation of the case for trial;

   d.  Any issues which require input or action by the Court;

   e.  The status of settlement negotiations.

Case 4:20-cv-00192-RK   Document 1-1   Filed 03/13/20   Page 32 of 89

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **JENNIFER PHILLIPS**
JENNIFER PHILLIPS, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was electronic noticed, faxed, emailed and/or mailed or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
KENNETH DONALD KINNEY, 4717 GRAND AVENUE, SUITE 250, KANSAS CITY, MO 64112

THOMAS F RALSTON, 4717 GRAND AVE, SUITE 250, KANSAS CITY, MO 64112

Defendant(s):
QUALITY TRAILER PRODUCTS, LP
ROCKWELL AMERICAN MANUFACTURING
DEXTER AXLE COMPANY

Dated: 14-JAN-2020                                   MARY A. MARQUEZ
                                                    Court Administrator



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2016-CV01038 |
| Plaintiff/Petitioner:<br>MICHAEL HEYSER | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: **DEXTER AXLE COMPANY**
Alias:

**PRIVATE PROCESS SERVER**

THE CORPORATION COMPANY
120 S CENTRAL AVE
CLAYTON, MO 63105

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*JACKSON COUNTY*

14-JAN-2020
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*      Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
Date          Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-343** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:20-cv-00192-RK   Document 1-1   Filed 03/13/20   Page 34 of 89

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.

Circuit Court of Jackson County



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2016-CV01038 |
| Plaintiff/Petitioner:<br>MICHAEL HEYSER<br><br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| **The State of Missouri to:** QUALITY TRAILER PRODUCTS, LP<br>**Alias:** | **PRIVATE PROCESS SERVER** |
| CT CORPORATION SYSTEM<br>120 S CENTRAL AVE<br>CLAYTON, MO 63105 | |

*COURT SEAL OF*

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

14-JAN-2020
Date

_____
Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____     _____
Date                                                   Notary Public

| | |
|---|---|
| **Sheriff's Fees** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-342** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | **Case Number: 2016-CV01038** |
| Plaintiff/Petitioner:<br>MICHAEL HEYSER | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250 |
| vs. | KANSAS CITY, MO  64112 |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | INDEPENDENCE, MO  64050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  ROCKWELL AMERICAN MANUFACTURING
                           Alias:

**PRINIPAL PLACE OF BUSINESS
604 W MAIN ST
AZLE, TX  76020**

*COURT SEAL OF*

      You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

Further Information:

<u>14-JAN-2020</u>
Date

_____
Clerk

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
- [ ] delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
- [ ] leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
- [ ] (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
- [ ] other (describe) _____

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
I am: (check one)
- [ ] the clerk of the court of which affiant is an officer.
- [ ] the judge of the court of which affiant is an officer.
- [ ] authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
- [ ] authorized to administer oaths.  (use for court-appointed server)

*(Seal)*

_____
Signature and Title

| **Service Fees, if applicable** | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____  (_____ miles @ $ _____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* **Document ID# 20-SMOS-31** 1 of 2     **(2016-CV01038)**
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00192-RK   Document 1-1   Filed 03/13/20   Page 38 of 89

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only*: **Document ID# 20-SMOS-31** 2 of 2      **(2016-CV01038)**
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00192-RK   Document 1-1   Filed 03/13/20   Page 39 of 89

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| *Plaintiff* | ) | |
| vs. | ) | Case No. 2016-CV01038 |
| | ) | |
| QUALITY TRAILER PRODUCTS, LP, | ) | Division 12 |
| ROCKWELL AMERICAN MANUFACTURING, | ) | |
| and DEXTER AXLE COMPANY | ) | |
| *Defendants* | ) | |

**FIRST AMENDED PETITION**

Plaintiff Michael Heyser, pursuant to Supreme Court Rule 53.01, Rule 55, Rule 55.33(a),

and R.S.Mo. § 213.111 hereby alleges the following in support of his claims for relief:

**INTRODUCTION**

1.     In violation of the Missouri Human Rights Act, defendants Quality Trailer

Products, LP ("Quality"), Rockwell American Manufacturing ("Rockwell"), Dexter Axle

Company ("Dexter") (collectively referred to as "Defendants") subjected Plaintiff to disability

discrimination and retaliation in violation of the Missouri Human Rights Act, R.S.Mo. § 213.010

et seq., ("MHRA").

2.     Plaintiff demands a trial by jury and seeks all relief available, including nominal,

compensatory and punitive damages, costs, fees, an enhancement of fees, interest, and equitable

relief.

3.     In the event that Defendants employ less than 500 persons, the MHRA's limitation

on "damages for future pecuniary losses emotional pain, suffering, inconvenience, mental anguish,

loss of enjoyment of life, and other nonpecuniary losses and punitive damages," R.S.Mo.

§ 213.111.4(2)(a-d), denies  Plaintiff "equal rights and opportunity under the law" and therefore

violates Article I, Section 2 of the Missouri Constitution by arbitrarily and capriciously creating

1

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

different classes of people based on the number of persons employed by their employer; as applied to this case it would mean that Plaintiff's damages for emotional distress, humiliation, frustration, and future economic loss are, as a matter of law, worth less than for a person who works for a larger employer, and there is no rational basis for the legislature to classify employees in such a manner; moreover, Defendants' liability for punitive damages would be decided based on the number of its employees instead of the reprehensibility of its conduct and its financial condition and there is no rational basis for the limitations of such damages based on the number of persons employed by Defendants.

## **PARTIES**

4.      **PLAINTIFF MICHAEL HEYSER** is an adult male resident and citizen of Missouri.

5.      Plaintiff is a "person" as defined by R.S.Mo. § 213.010(15).

6.      Plaintiff was employed by Defendants as a Warehouse Manager.

7.      In or about Aug. 2011, Plaintiff began employment with Quality.

8.      In or about Jan. 2013, Rockwell purchased or otherwise merged with Quality, and both employed Plaintiff thereafter.

9.      In or about Sept. 2016, Dexter purchased Rockwell and, with it, Quality.

10.     After about Sept. 2016, Defendants employed Plaintiff.

11.     Defendants employed Plaintiff until approximately April 23, 2018.

12.     During Plaintiff's employment with Defendants, he worked at Defendants' business facility located at 519 Duck Road, Grandview, MO 64030.

13.     **DEFENDANT QUALITY** is a limited partnership formed under Texas law.

14.     Quality's principal place of business is located at 604 W. Main Street, Azle, Texas

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

76020.

15.     Quality's corporate headquarters is located at 604 W. Main Street, Azle, Texas 76020.

16.     Quality has the same principal place of business as Rockwell.

17.     Quality has the same corporate headquarters as Rockwell.

18.     Throughout Plaintiff's employment with Quality, Quality was a "person" as defined by R.S.Mo. § 213.010(15).

19.     Quality employs 501 or more persons.

20.     Throughout Plaintiff's employment with Quality, Quality employed six or more persons in Missouri.

21.     Throughout Plaintiff's employment with Quality, Quality was engaged in an industry affecting commerce and employed six or more employees for each working day.

22.     Throughout Plaintiff's employment with Quality, Quality was an "employer" as defined by R.S.Mo. 213.010(8).

23.     Quality conducts ongoing and substantial business in Missouri.

24.     Quality employed Plaintiff to perform labor in Missouri.

25.     Plaintiff's employment with Quality ended in Missouri.

26.     Quality is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

27.     **DEFENDANT ROCKWELL** is a partnership incorporated under Texas law.

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

28.     Rockwell's principal place of business is located at 604 W. Main Street, Azle, Texas 76020.

29.     Rockwell's corporate headquarters is located at 604 W. Main Street, Azle, Texas 76020

30.     Throughout Plaintiff's employment with 2.   Rockwell, 2.   Rockwell     was     a "person" as defined by R.S.Mo. § 213.010(15).

31.     Rockwell employs 501 or more persons.

32.     Throughout Plaintiff's employment with Rockwell, Rockwell employed six or more persons in Missouri.

33.     Throughout Plaintiff's employment with Rockwell, Rockwell was engaged in an industry affecting commerce and employed six or more employees for each working day.

34.     Throughout Plaintiff's employment with Rockwell, Rockwell was an "employer" as defined by R.S.Mo. 213.010(8).

35.     Rockwell conducts ongoing and substantial business in Missouri.

36.     Rockwell employed Plaintiff to perform labor in Missouri.

37.     Plaintiff's employment with Rockwell ended in Missouri.

38.     Rockwell is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

39.     **DEFENDANT DEXTER** is a company incorporated under Delaware law.

40.     Dexter's principal place of business is located at 2900 Industrial Parkway East,

4

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

Elkhart, Indiana 46516.

41.     Dexter's corporate headquarters is located at 2900 Industrial Parkway East, Elkhart, Indiana 46516.

42.     Throughout Plaintiff's employment with Dexter, Dexter was a "person" as defined by R.S.Mo. § 213.010(15).

43.     Dexter employs 501 or more persons.

44.     Throughout Plaintiff's employment with Dexter, Dexter employed six or more persons in Missouri.

45.     Throughout Plaintiff's employment with Dexter, Dexter was engaged in an industry affecting commerce and employed six or more employees for each working day.

46.     Throughout Plaintiff's employment with Dexter, Dexter was an "employer" as defined by R.S.Mo. 213.010(8).

47.     Dexter conducts ongoing and substantial business in Missouri.

48.     Dexter employed Plaintiff to perform labor in Missouri.

49.     Plaintiff's employment with Dexter ended in Missouri.

50.     Dexter is an entity which acts through agents. It is liable for the conduct of its agents acting within the course and scope of their agency, its own negligence, the acts of its agents which it knowingly ratifies, injuries incurred by agents' performance of its non-delegable duties, acts done by agents for which the agency relationship allows or assists the agent to perform, and acts its agents take by virtue of their position with Defendant.

## SUBJECT MATTER JURISDICTION AND VENUE

51.     This Court has general original jurisdiction over this case pursuant to article V, section 14 of the Missouri Constitution because this is a civil case.

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

52.     Pursuant to R.S.Mo. § 213.111.1, venue is proper in this Court because the unlawful discriminatory acts giving rise to Plaintiff's MHRA claims took occurred in Jackson County, Missouri.

## FACTUAL ALLEGATIONS

53.     On or about Aug. 12, 2011, Quality hired Plaintiff for employment.

54.     In or about Jan. 2013, Quality was purchased by, or otherwise merged, with Rockwell.

55.     In or about Sept. 2016, Quality and Rockwell were purchased, or otherwise merged, with Dexter.

56.     From approximately Sept. 2016 until the termination of Plaintiff's employment, Defendants controlled the terms and conditions of Plaintiff's employment.

57.     Quality issued Plaintiff IRS W-2 forms.

58.     Plaintiff reported to the employees of Rockwell and Dexter.

59.     Dexter supplied Plaintiff's employment benefits through an employer plan and terminated those employment benefits with Plaintiff's termination.

60.     In or about April 2017, Plaintiff discovered a lump in throat.

61.     Plaintiff sought medical treatment and his medical provider recommended surgery.

62.     Jay Cagle (management/supervisor) worked with Plaintiff at Defendant's Grandview, Missouri facility.

63.     Plaintiff told Cagle of his medical condition and requested time off of work for the surgery.

64.     Cagle asked Plaintiff to delay the surgery.

65.     Plaintiff postponed the surgery at Cagle's request.

6

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

66.     In approximately May 2017, Robert Strickland became the Regional/Area Manager over Defendants' Grandview, Missouri facility.

67.     The lump in Plaintiff's neck continued to grow.

68.     Plaintiff lost partial mobility in his neck and shoulder.

69.     In or about June 2017, Plaintiff's medical provider recommended surgery on the lump as soon as possible.

70.     Plaintiff and his medical provider planned the surgery for about mid-July 2017.

71.     Plaintiff informed Cagle.

72.     Plaintiff also informed Cagle that the mass in Plaintiff's throat could be cancer.

73.     Cagle again asked Plaintiff to postpone the surgery.

74.     Plaintiff contacted his medical provider who urged Plaintiff not to delay the surgery.

75.     Plaintiff told Cagle that he would not postpone the surgery again and that the decision was based Plaintiff's medical provider's recommendations.

76.     Plaintiff requested time off for the surgery.

77.     Cagle became angry.

78.     Cagle told Plaintiff that he would report Plaintiff's physical condition, medical treatment, and request for time off for surgery to Robert Strickland.

79.     Later, Cagle told Strickland was upset but if Plaintiff needed the time off for surgery then he needed the time off for surgery.

80.     On or about July 19, 2017, Plaintiff underwent surgery.

81.     During or after surgery, Plaintiff went into a coma and remained in a coma for approximately eight days.

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

82.     During the coma, Plaintiff's physical condition prevented him from performing most major life activities including, without limitation, consciousness, communication, mobility, or employment.

83.     On or about July 27, 2017, Alan Heyser (Plaintiff's brother) informed Strickland and Cagle of Plaintiff's medical treatment, physical condition, and prognosis.

84.     From approximately July 2017 until approximately Jan. 2018, Dexter provided Plaintiff short-term disability insurance benefits through its employer plan.

85.     After surgery, Plaintiff's medical providers told him the lump removed from neck was cancerous and that he required chemotherapy and radiation treatments.

86.     In or about Aug. 2017, Plaintiff informed Strickland and Cagle that he required further surgery for the port placement for chemotherapy, chemotherapy treatments, and radiation treatments.

87.     Plaintiff requested time off for the cancer treatments.

88.     By about Dec. 2017, Plaintiff completed his radiation and chemotherapy treatments, but was experiencing nerve damage and partial paralysis in the right side of his body.

89.     Plaintiff's medical provider recommended physical therapy but returned Plaintiff to work with restrictions.

90.     On or about Jan. 15, 2018, Plaintiff returned to work.

91.     Plaintiff provided his medical provider's return-to-work restrictions to Cagle.

92.     Cagle allowed Plaintiff to resume his position, but only for a portion of the day.

93.     Cagle then told Plaintiff that Plaintiff could not work, needed to leave, and not to return until his work restrictions were lifted entirely.

94.     Plaintiff told Cagle that he could work so long as the work was within his

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

restrictions.

95.     Cagle told Plaintiff to leave until all his physical restrictions were lifted.

96.     On Jan. 15, 2018, Plaintiff could have performed the essential functions of his job with reasonable accommodation, but Defendants refused to provide the accommodations.

97.     In or about late-Jan. 2018, Plaintiff began physical therapy.

98.     On or about April 20, 2018, Plaintiff completed physical therapy.

99.     On or about April 20, 2018, Plaintiff's treating provider returned to work without restrictions and gave Plaintiff a return-to-work note.

100.    On or about April 20, 2018, Plaintiff informed Cagle of the completion of physical therapy, his return to work status, and that Plaintiff would report for work the following Monday, April 23.

101.    On or about April 23, 2018, Plaintiff returned to his position at Defendants' Grandview, Missouri facility.

102.    Plaintiff provided Cagle with his treatment provider's return-to-work note.

103.    Cagle instructed Plaintiff to carry out several work tasks including, without limitation, carrying boxes of papers up a flight of stairs.

104.    Cagle watched Plaintiff carry the boxes up the stairs for approximately three trips.

105.    After lunch, Cagle called Plaintiff to his office.

106.    Cagle had Strickland on the phone.

107.    Strickland told Plaintiff that his job was eliminated and that he was being terminated from his previous position of Warehouse Manager.

108.    Strickland told Plaintiff that he could be considered for an Administrative Assistant's position with "Rockwell American."

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

109.     Strickland told Plaintiff the position paid $16 per hour which was approximately a 40% reduction in pay for Plaintiff.

110.     Plaintiff informed Strickland he would have to discuss it with Plaintiff's wife.

111.     Strickland said, "Fine. But we're looking outside the company. I need to know by 8:00 a.m. tomorrow. Period."

112.     Plaintiff was instructed to leave for the day.

113.     Later, on or about April 23, 2018, Plaintiff called Strickland.

114.     Plaintiff told Strickland that he could have performed his job as of Jan. 15, 2018, with reasonable accommodation but Defendants refused to provide accommodations.

115.     Plaintiff made a complaint of disability discrimination with Strickland and asked how to get in touch with human resources.

116.     Strickland told Plaintiff that Human Resources would not overrule him.

117.     Strickland told Plaintiff that human resources employee he should contact to register his complaint was named *Vahnp*, in the corporate office Texas.

118.     Plaintiff told Strickland he may not be able to make a decision regarding the Administrative Assistant's position by the next morning and asked if that was a problem.

119.     Strickland said it was a problem and that he needed to fill the position.

120.     On or about April 24, 2018, Plaintiff returned to Defendants' Grandview, Missouri facility.

121.     Plaintiff asked Cagle if he could be considered for the Administrative Assistant's position for $18 per hour instead of $16 per hour.

122.     Cagle said if needed to call Strickland.

123.     Cagle called Strickland while Plaintiff was approximately 2 or 3 feet away.

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

124.    During Cagle's call to Strickland, Plaintiff heard Strickland say, "After speaking with him and him accusing me of discrimination, you tell 'no' on the $18 and we're looking outside the company for this position."

125.    On or about April 24, 2018, Plaintiff contacted human employees Vahnp L.N.U. by phoning Defendants' corporate office in Texas.

126.    On or about April 24/25, 2018, Plaintiff made a complaint of discrimination/retaliation by telephone with Defendant's human resources employee, Vahnp.

127.    On or about April 27, 2018, Vahnp called Plaintiff with Strickland on the phone.

128.    Vahnp told Plaintiff he could still be considered for the Administrative Assistant's position.

129.    Strickland spoke over Vahnp saying, "But the job doesn't pay $16 an hour anymore. It's $15 per hour now. And we're going outside the company to fill the position."

130.    Vahnp then spoke over Strickland asking Plaintiff if they could speak by phone later and the conversation ended.

131.    On or about April 29, 2018, Plaintiff registered a complaint of discrimination/retaliation with Defendants' human resources employee Vahnp.

132.    On or about April 30, 2018, Vahnp contacted Plaintiff by phone.

133.    Vahnp told Plaintiff that it was clear he did not want the Administrative Assistant's position for $15.

134.    Plaintiff told Vahnp that he did not believe he could make it financially on $15 per hour.

135.    Vahnp responded by telling Plaintiff she would process his final paycheck and the conversation ended.

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

## ADMINISTRATIVE PROCEDURES

**The Quality Charge, Notice to Defendant, & Right-to-Sue**

136.     On June 22, 2018, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights against Quality. The Charge was assigned number E-06/18-49657 ("Quality Charge") A copy of the Quality Charge is attached hereto as **Exhibit A** and is incorporated herein by reference.

137.     Quality received notice of charge no. E-06/18-49657, the Quality Charge.

138.     On January 7, 2020, the Missouri Commission on Human Rights issued Plaintiff a right-to-sue notice for the Quality Charge pursuant to the Missouri Human Rights Act. A copy of the notice is attached hereto as **Exhibit B** and incorporated herein by reference.

**The Rockwell Charge, Notice to Defendant, & Right-to-Sue**

139.     On June 22, 2018, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights against Rockwell. The Charge was assigned number E-06/18-49658 ("Rockwell Charge"). A copy of the Rockwell Charge is attached hereto as **Exhibit C** and is incorporated herein by reference.

140.     Rockwell received notice of charge no. E-06/18-49658, the Rockwell Charge.

141.     On January 7, 2020, the Missouri Commission on Human Rights issued Plaintiff a right-to-sue notice for the Rockwell Charge pursuant to the Missouri Human Rights Act. A copy of the notice is attached hereto as **Exhibit D** and incorporated herein by reference.

**The Dexter Charge & Notice to Defendant**

142.     On June 22, 2018, Plaintiff filed a Charge of Discrimination with the Missouri Commission on Human Rights against Dexter. The Charge was assigned number E-06/18-49660 (Dexter Charge"). A copy of the Dexter Charge is attached hereto as **Exhibit E** and is incorporated

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

herein by reference.

143.    Dexter received notice of charge no. E-06/18-49660, the Dexter Charge.

144.    Dexter responded to the Dexter Charge by providing information to the Missouri Commission on Human Rights.

**Plaintiff's Petition was timely filed**

145.    Plaintiff's Petition was filed on January 11, 2020, which was within 90 days of January 7, 2020.

146.    Plaintiff's Petition was filed within two years of the discrimination alleged herein.

**Right-to-Sue on the Dexter Charge, Relation Back, & Timely Amendment to the Petition**

147.    On January 15, 2020, the Missouri Commission on Human Rights issued Plaintiff a right-to-sue notice for the Dexter Charge pursuant to the Missouri Human Rights Act. A copy of the notice is attached hereto as **Exhibit F** and incorporated herein by reference.

148.    This First Amended Petition was filed on January 31, 2020 pursuant to Supreme Court Rule 55.33(a); as of January 31, 2020, there has no responsive pleading filed or served in this case in response to the Petition.

149.    The First Amended Petition does not asset any new claims that were not alleged in the original Petition; however, all facts alleged herein arise out of the same conduct, transitions, and occurrence that were set forth in the original Petition.

<u>**COUNT I**</u>
**Missouri Human Rights Act –R.S.Mo. § 213.055**
**Disability Discrimination**
**(Against all Defendants)**

150.    Plaintiff incorporates by reference all other paragraphs in this Petition.

151.    Plaintiff has a disability as defined by R.S.Mo. § 213.010(5).

152.    Plaintiff has a disability of which Defendants were aware and/or Defendants

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

regarded Plaintiff as being disabled.

153.    Defendants told Plaintiff that his position as Warehouse Manager was eliminated and terminated him from the position of Warehouse Manager because of his disability.

154.    Defendants told Plaintiff he could be "considered for" an administrative assistant's position at almost half of his previous salary because of his disability.

155.    Defendants constructively discharged Plaintiff because of his disability.

156.    Defendants' above-referenced discrimination directly caused or directly contributed to cause Plaintiff damages, including economic damages, humiliation, frustration, degradation and unnecessary hardship.

157.    The actions and conduct set forth herein demonstrate a reckless indifference or conscious disregard for the rights of Plaintiff and others. Therefore, Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and to discourage others from engaging in similar unlawful conduct.

WHEREFORE, Plaintiff prays for judgment against Defendants on Count I of his Petition, for a Judgment finding Defendants discriminated against Plaintiff in violation of R.S.Mo. § 213.055 and awarding Plaintiff nominal or compensatory damages, punitive damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court is permitted to grant Plaintiff to remedy Defendants' violations of the MHRA.

## COUNT II
### Missouri Human Rights Act – R.S.Mo. § 213.055
### Disability Discrimination – Failure to Accommodate
### (Against all Defendants)

158.    Plaintiff incorporates by reference all other paragraphs in this Petition.

159.    Plaintiff requested reasonable accommodations.

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

160.    Plaintiff requested an accommodation in the form a job restructuring conforming with his return-to-work restrictions and physical limitations.

161.    Plaintiff could have performed the essential functions of the job had Defendants provided him this accommodation.

162.    Defendants could have reasonably provided Plaintiff this accommodation.

163.    Defendants failed to provide Plaintiff the accommodation of restructuring his job to conform to his restrictions and physical limitations.

164.    Defendants' failure to provide Plaintiff with this reasonable accommodation caused or directly contributed to cause Plaintiff damage.

165.    The actions and conduct set forth herein were outrageous and demonstrate Defendant's reckless indifference or conscious disregard for the rights of Plaintiff and others, rendering Defendants liable for punitive damages in an amount that is fair and reasonable to punish Defendants and to deter Defendants and others from repeating this sort of misconduct.

WHEREFORE, Plaintiff prays for a judgment against Defendants on Count II of his Petition, for a Judgment finding Defendants discriminated against Plaintiff in violation of R.S.Mo. § 213.055 and awarding Plaintiff nominal or compensatory damages, punitive damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court is permitted to grant Plaintiff to remedy Defendants' violations of the MHRA.

## COUNT III
**Missouri Human Rights Act – R.S.Mo. § 213.070**
**Retaliation**
**(Against all Defendants)**

166.    Plaintiff incorporates by reference all other paragraphs in this Petition.

167.    Plaintiff's requests for accommodations were protected activities.

15

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

168.    Plaintiff complaints of discrimination and retaliation were protected activities.

169.    Defendants told Plaintiff his position as Warehouse Manager was eliminated because of his accommodation requests; *i.e.*, protected activity.

170.    Defendant terminated Plaintiff's employment as the Warehouse Manager because of Plaintiff's accommodation requests; *i.e.*, protected activity.

171.    Defendants told Plaintiff he could be "considered for" an administrative assistant's position at almost half of his previous salary because of his accommodation requests; *i.e.*, protected activity.

172.    Defendants told Plaintiff they "were going outside the company" to fill the administrative assistant's position because of Plaintiff's discrimination complaints; *i.e.*, protected activity.

173.    Defendants rescinded the offer to consider Plaintiff for the Administrative Assistant position because of Plaintiff's discrimination complaints; *i.e.*, protected activity.

174.    Defendants told Plaintiff the pay for the administrative assistant's position was being reduced from $16 per hour to $15 per hour because Plaintiff's discrimination complaints; *i.e.*, protected activity.

175.    Defendants constructively discharged Plaintiff because of his accommodation requests and complaints of discrimination; *i.e.*, protected activities.

176.    The above-referenced retaliation caused or directly contributed to cause him damages, including economic injury and distress, humiliation, unnecessary hardship, frustration, and degradation.

177.    The actions and conduct set forth herein were outrageous and demonstrate Defendant's reckless indifference or conscious disregard for the rights of Plaintiff and others,

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

rendering Defendant liable for punitive damages in an amount that is fair and reasonable to punish Defendant and to deter Defendant and others from repeating this sort of misconduct.

WHEREFORE, Plaintiff prays for a judgment against Defendants on Count III of his Petition, for a <u>Judgment</u> finding Defendants retaliated against Plaintiff in violation of R.S.Mo. § 213.070 and awarding Plaintiff nominal or compensatory damages, punitive damages in an amount that is fair and reasonable, costs, attorney fees, an enhancement of attorney fees, all recoverable interest, expert fees, travel expenses, and all other equitable relief the Court is permitted to grant Plaintiff to remedy Defendants' violations of the MHRA.

Respectfully Submitted,

**RALSTON KINNEY, LLC**

<u>/s/ *Kenneth D. Kinney*</u>
Thomas F. Ralston, MO #61052
Kenneth D. Kinney, MO #67435
4717 Grand Avenue, Suite 250
Tel: (816) 298-0086
Fax: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA ☐ EEOC | E-06\|18-49657 28E-2018-01188C |

## Missouri Commission on Human Rights

### Equal Employment Opportunity Commission

| NAME (Indicate Mr., Ms., Mrs.) Michael L. Heyser | HOME TELEPHONE (Include Area Code) REDACTED |
|---|---|

| STREET ADDRESS 1 REDACTED Avenue | CITY, STATE AND ZIP CODE Belton, MO 64012 | DATE OF BIRTH REDACTED |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Quality Trailer Product, L.P. | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include Area Code) (816) 761-3666 |
|---|---|---|

| STREET ADDRESS 519 Duck Road | CITY, STATE AND ZIP CODE Grandview, MO 64030 | COUNTY Jackson |
|---|---|---|

| NAME Rockwell American, Polar Corporation, Dexter Axle Company and Dexter Axle Trucking Company | TELEPHONE NUMBER (Include Area Code) Rockwell: (817) 444-4518 Polar: (320) 746-3401 Dexter Axle: (574) 295-7888 Dexter Axle Trucking: (574) 295-7888 |
|---|---|

| STREET ADDRESS Rockwell: 604 W. Main Street, Azle, TX 76020 Polar Corp: 1015 West Saint Germain, Ste 430, St. Cloud, MN 56301 Dexter Axle Trucking: (Serve Registered Agent) CT Corporation System, 120 S. Central Ave., Clayton, MO 63105 Dexter Axle Company: (Serve Registered Agent) The Corporation Co., 120 S. Central Ave., Clayton, MO 63105 | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE

☒ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ Other

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)  LATEST (ALL)
Approx. April 23, 2018

☒ CONTINUING ACTION

PARTICULARS: I began employment with Respondents in 2011. In April 2017, I notified my employer that I discovered a lump in my throat and required surgery. My employer requested I delay the surgery due to workload. I did. In June 2017, I informed my employer that I needed surgery. My employer asked again for me to delay the surgery. I did not. I requested reasonable accommodations in the form of medical leave and on about July 19, 2017, I underwent surgery. I requested reasonable accommodation again in the form of medical leave and underwent radiation and chemotherapy. In early Aug. 2017, I informed respondents of my need for further medical treatment and again requested leave. I completed a stage of my treatment in about Dec. 2017, which left me with nerve damage and semi-paralysis. However, I was approved to return to work with restrictions. On Jan. 15, 2018, I returned to work at the Grandview facility. I worked a short period of time. Then, I was told to leave and not return until my work restrictions had been lifted. I was capable of performing my job duties with or without reasonable accommodations at that time, but Respondents would not accommodate me. I completed physical therapy and was returned to without restrictions. I notified respondents and then returned to work on about April 23, 2018. Upon return, my employer had me carry several boxes up stairs while watching. Then, Respondents informed me my job had been eliminated. They told me they were hiring for a position that paid about half my annual salary and that I could request that position. I told them I did not believe I could live on half my usual salary. I contacted HR and made a complaint of disability discrimination. Then, my employer reduced the pay of the position even further. I have been discriminated against based on a disability as defined by RSMo 213.010(5). I have been retaliated against in violation of RSMo 213.070 for requesting reasonable accommodations and opposing discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. Date 6-22-2018  _[signature]_ Charging Party (Signature) | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT _[signature]_ SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 6-22-2018 JUNE 2 5 2018 MO Commission on Human Rights City Office |

# 1st Amended Petition - EXHIBIT B

## MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS

# MISSOURI COMMISSION ON HUMAN RIGHTS



MICHAEL L. PARSON
GOVERNOR

ANNA S. HUI
DEPARTMENT DIRECTOR

Martha Staggs
COMMISSION CHAIRPERSON

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR



Michael L. Heyser
REDACTED            Avenue
Belton, MO 64012

## NOTICE OF RIGHT TO SUE

RE:     Michael L. Heyser vs. QUALITY TRAILER PRODUCTS, L.P.
        E-06/18-49657  28E-2018-01188C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it.  This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

January 7, 2020
Date

C:      additional contacts listed on next page

☒              ☐              ☐              ☐              ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:    1-800-735-2966 (TDD)    Relay Missouri: 711
www.labor.mo.gov/mohumanrights    E-Mail: mchr@labor.mo.gov

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

# 1st Amended Petition - EXHIBIT B

RE:    Michael L. Heyser vs. QUALITY TRAILER PRODUCTS, L.P.
E-06/18-49657  28E-2018-01188C

QUALITY TRAILER PRODUCTS, L.P.
519 Duck Road
Grandview, MO 64030

Jennifer Bickley Hull
ATTORNEY AT LAW
110 W. Berry Street, Suite 2400
Fort Wayne, IN 46802

Thomas F. Ralston
ATTORNEY AT LAW
4717 Grand Avenue, Suite 250
Kansas City, MO 64112

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

# 1st Amended Petition - EXHIBIT C

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | E-06|18-49658 |
| | EEOC | 28E-2018-01189C |

### Missouri Commission on Human Rights

### Equal Employment Opportunity Commission

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Michael L. Heyser | REDACTED |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| REDACTED Avenue | Belton, MO 64012 | REDACTED |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME. (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Quality Trailer Products, LP | 15+ | (816) 761-3666 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 509 Dunk Road | Grandview, MO 64030 | Jackson |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Rockwell American, Polar Corporation, Dexter Axle Company and Dexter Axle Trucking Company | Rockwell: (817) 444-4518<br>Polar: (320) 746-3401<br>Dexter Axle: (574) 295-7888<br>Dexter Axle Trucking: (574) 295-7888 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| Rockwell: 604 W. Main Street, Azle, TX 76020<br>Polar Corp: 1015 West Saint Germain, Ste 420, St. Cloud, MN 56301<br>Dexter Axle Trucking: (Serve Registered Agent) CT Corporation System, 120 S. Central Ave., Clayton, MO 63105<br>Dexter Axle Company: (Serve Registered Agent) The Corporation Co., 120 S. Central Ave., Clayton, MO 63105 | | |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| | EARLIEST (ADEA/EPA)   LATEST (ALL) |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE
[X] RETALIATION  [ ] NATIONAL ORIGIN  [X] DISABILITY  [ ] Other

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)

Approx. April 23, 2018

[X] CONTINUING ACTION

PARTICULARS: I began employment with Respondents in 2011. In April 2017, I notified my employer that I discovered a lump in my throat and required surgery. My employer requested I delay the surgery due to workload. I did. In June 2017, I informed my employer that I needed surgery. My employer asked again for me to delay the surgery. I did not. I requested reasonable accommodations in the form of medical leave and on about July 19, 2017, I underwent surgery. I requested reasonable accommodation again in the form of medical leave and underwent radiation and chemotherapy. In early Aug. 2017, I informed respondents of my need for further medical treatment and again requested leave. I completed a stage of my treatment in about Dec. 2017, which left me with nerve damage and semi-paralysis. However, I was approved to return to work with restrictions. On Jan. 15, 2018, I returned to work at the Grandview facility. I worked a short period of time. Then, I was told to leave and not return until my work restrictions had been lifted. I was capable of performing my job duties with or without reasonable accommodations at that time, but Respondents would not accommodate me. I completed physical therapy and was returned to without restrictions. I notified respondents and then returned to work on about April 23, 2018. Upon return, my employer had me carry several boxes up stairs while watching. Then, Respondents informed me my job had been eliminated. They told me they were hiring for a position that paid about half my annual salary and that I could request that position. I told them I did not believe I could live on half my usual salary. I contacted HR and made a complaint of disability discrimination. Then, my employer reduced the pay of the position even further. I have been discriminated against based on a disability as defined by RSMo 213.010(5). I have been retaliated against in violation of RSMo 213.070 for requesting reasonable accommodations and opposing discrimination.

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date 6-22-2018   Charging Party (Signature) | 6-22-2018  Commission on Human Rights City Office |

FILED JUN 2 5 2018

---

# 1st Amended Petition - EXHIBIT D



**MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS**

## MISSOURI COMMISSION ON HUMAN RIGHTS

MICHAEL L. PARSON
GOVERNOR

ANNA S. HUI
DEPARTMENT DIRECTOR

Martha Staggs
COMMISSION CHAIRPERSON

ALISA WARREN, PH.D.
EXECUTIVE DIRECTOR

Michael L. Heyser
 Avenue
Belton, MO 64012

## NOTICE OF RIGHT TO SUE

RE: Michael L. Heyser vs. QUALITY TRAILER PRODUCTS D/B/A ROCKWELL AMERICAN
E-06/18-49658 28E-2018-01189C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

January 7, 2020
Date

C: additional contacts listed on next page

☒ ☐ ☐ ☐ ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY: 1-800-735-2966 (TDD) Relay Missouri: 711
www.labor.mo.gov/mohumanrights E-Mail: mchr@labor.mo.gov

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

# 1st Amended Petition - EXHIBIT D

RE:     Michael L. Heyser vs. QUALITY TRAILER PRODUCTS D/B/A ROCKWELL AMERICAN
E-06/18-49658   28E-2018-01189C

QUALITY TRAILER PRODUCTS D/B/A ROCKWELL AMERICAN
604 West Main Street
Azle, TX 76020

Jennifer Bickley Hull
ATTORNEY AT LAW
110 W. Berry Street, Suite 2400
Fort Wayne, IN 46802

Thomas F. Ralston
ATTORNEY AT LAW
4717 Grand Avenue, Suite 250
Kansas City, MO 64112

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

# 1st Amended Petition - EXHIBIT E

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | E-06/18-49660 |
| | EEOC | 28E-2018-01191C |

### Missouri Commission on Human Rights

### Equal Employment Opportunity Commission

| NAME *(Indicate Mr., Ms., Mrs.)* Michael L. Heyser | HOME TELEPHONE *(Include Area Code)* REDACTED |
|---|---|

| STREET ADDRESS REDACTED Avenue | CITY, STATE AND ZIP CODE Belton, MO 64012 | DATE OF BIRTH REDACTED |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME Quality Trailer Product, L.P. | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE *(Include Area Code)* (816) 761-3666 |
|---|---|---|

| STREET ADDRESS 510 Buck Road | CITY, STATE AND ZIP CODE Grandview, MO 64030 | COUNTY Jackson |
|---|---|---|

| NAME Rockwell American Polar Corporation, Dexter Axle Company and Dexter Axle Trucking Company | TELEPHONE NUMBER *(Include Area Code)* Rockwell: (817) 444-4518 Polar: (320) 746-3401 Dexter Axle: (574) 295-7888 Dexter Axle Trucking: (574) 295-7888 |
|---|---|

| STREET ADDRESS Rockwell: 604 W. Main Street, Azle, TX 70020 Polar Corp: 1015 West Saint Germain, Ste 429, St. Cloud MN 56301 Dexter Axle Trucking: (Serve Registered Agent) CT Corporation System, 120 S. Central Ave., Clayton, MO 63105 Dexter Axle Company: (Serve Registered Agent) The Corporation Co., 120 S. Central Ave., Clayton, MO 63105 | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

| | RACE | | COLOR | | SEX | | RELIGION | | AGE |
|---|---|---|---|---|---|---|---|---|---|
| X | RETALIATION | | NATIONAL ORIGIN | X | DISABILITY | | Other | | |

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)          LATEST (ALL)

Approx. April 23, 2018

[X] CONTINUING ACTION

PARTICULARS: I began employment with Respondents in 2011. In April 2017, I notified my employer that I discovered a lump in my throat and required surgery. My employer requested I delay the surgery due to workload. I did. In June 2017, I informed my employer that I needed surgery. My employer asked again for me to delay the surgery. I did not. I requested reasonable accommodations in the form of medical leave and on about July 19, 2017, I underwent surgery. I requested reasonable accommodation again in the form of medical leave and underwent radiation and chemotherapy. In early Aug. 2017, I informed respondents of my need for further medical treatment and again requested leave. I completed a stage of my treatment in about Dec. 2017, which left me with nerve damage and semi-paralysis. However, I was approved to return to work with restrictions. On Jan. 15, 2018, I returned to work at the Grandview facility. I worked a short period of time. Then, I was told to leave and not return until my work restrictions had been lifted. I was capable of performing my job duties with or without reasonable accommodations at that time, but Respondents would not accommodate me. I completed physical therapy and was returned to without restrictions. I notified respondents and then returned to work on about April 23, 2018. Upon return, my employer had me carry several boxes up stairs while watching. Then, Respondents informed me my job had been eliminated. They told me they were hiring for a position that paid about half my annual salary and that I could request that position. I told them I did not believe I could live on half my usual salary. I contacted HR and made a complaint of disability discrimination. Then, my employer reduced the pay of the position even further. I have been discriminated against based on a disability as defined by RSMo 213.010(5). I have been retaliated against in violation of RSMo 213.070 for requesting reasonable accommodations and opposing discrimination.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - *(When necessary for State and Local Requirements)* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date 6-22-2018   *Charging Party (Signature)* | 6-22-2018 |

## 1st Amended Petition - EXHIBIT F



### MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| **MICHAEL L. PARSON** GOVERNOR | **ANNA S. HUI** DEPARTMENT DIRECTOR | **Martha Staggs** COMMISSION CHAIRPERSON | **ALISA WARREN, PH.D.** EXECUTIVE DIRECTOR |
|---|---|---|---|

Michael L. Heyser
Redacted

### NOTICE OF RIGHT TO SUE

RE:   Michael L. Heyser vs. DEXTER AXLE TRUCKING ET AL
E-06/18-49660   28E-2018-01191C

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,



Alisa Warren, Ph.D.
Executive Director

January 15, 2020
Date

C:      additional contacts listed on next page

☒            ☐            ☐            ☐            ☐

| 3315 W. TRUMAN BLVD. P.O. BOX 1129 JEFFERSON CITY, MO 65102-1129 PHONE: 573-751-3325 | 111 N. 7TH STREET, SUITE 903 ST. LOUIS, MO 63101-2100 PHONE: 314-340-7590 FAX: 314-340-7238 | P.O. BOX 1300 OZARK, MO 65721-1300 | 1410 GENESSEE, SUITE 260 KANSAS CITY, MO 64102 FAX: 816-889-3582 | 106 ARTHUR STREET SUITE D SIKESTON, MO 63801-5454 FAX: 573-472-5321 |
|---|---|---|---|---|

*Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.*
TDD/TTY:   1-800-735-2966 (TDD)      Relay Missouri: 711
www.labor.mo.gov/mohumanrights      E-Mail: mchr@labor.mo.gov

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

# 1st Amended Petition - EXHIBIT F

RE:  Michael L. Heyser vs. DEXTER AXLE TRUCKING ET AL
E-06/18-49660  28E-2018-01191C

DEXTER AXLE TRUCKING ET AL
Registered Agent: Ct Corporation System
120 S. Central Avenue
Clayton, MO 63105

Jennifer Bickley Hull
ATTORNEY AT LAW
110 W. Berry Street, Suite 2400
Fort Wayne, IN 46802

Thomas F. Ralston
ATTORNEY AT LAW
4717 Grand Avenue, Suite 250
Kansas City, MO 64112

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:08 PM

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:27 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| *Plaintiff* | ) | |
| vs. | ) | Case No. 2016-CV01038 |
| | ) | |
| QUALITY TRAILER PRODUCTS, LP, | ) | Division 12 |
| ROCKWELL AMERICAN MANUFACTURING, | ) | |
| and DEXTER AXLE COMPANY | ) | |
| *Defendants* | ) | |

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE SUMMONSES

Pursuant to Rule 54.21, Plaintiff, by and through counsel, requests an extension of time to serve the summonses issued for Defendants Quality Trailer Products, LP ("Quality"), Rockwell American Manufacturing ("Rockwell") and Dexter Axle Company ("Dexter"). Plaintiff states the following in support:

1. This is a Missouri Human Rights Act case; the MHRA requires aggrieved persons to go through the administrative process and obtain a right-to-sue notice.

2. On January 11, 2020, Plaintiff filed his <u>Petition</u>. By that date, Plaintiff had only received right-to-sue notices for Defendants Quality and Rockwell.

3. On January 14, 2020, the Court issued summons for all three Defendants.

4. A summons must be served within 30 days of its issuance. *See* Rule 54.21. Thirty days after January 14, 2020 is February 13, 2020.

5. Supreme Court Rule 54.21 provides that "the time for service [of a summons] may be extended up to ninety days from the date of issue by order of the court." Rule 54.21. Plaintiff respectfully requests the Court extend the deadline to serve the summonses until **March 13, 2020** (59 days after the date the summonses were issued) based on the good cause shown below:

6. On January 15, 2020, the Missouri Commission on Human Rights issued Plaintiff

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:27 PM

a right-to-sue notice for Defendant Dexter.

7.        On January 31, 2020, Plaintiff filed his <u>First Amended Petition</u> to include the newly issued right-to-sue notice for Dexter.

8.        Defendant Rockwell does not maintain a registered agent in Missouri and Plaintiff must be served in the State of Texas.

9.        Plaintiff's present request is not intended to delay these proceedings and should not prejudice any party or the Court.

10.        The Case Management Conference in this matter is set for May 4, 2020.

        WHEREFORE, Plaintiff respectfully requests that the time for service of the summonses issued to Defendants January 14, 2020 be extended until March 13, 2020.

                Respectfully Submitted,

                **RALSTON KINNEY, LLC**

By:        /s/ *Kenneth D. Kinney*
                Thomas F. Ralston, MO #61052
                Kenneth D. Kinney, MO #67435
                4717 Grand Avenue, Suite 250
                TEL:   (816) 298-0086
                FAX:   (816) 298-9455
                Email: tom@rklawllc.com
                Email: ken@rklawllc.com

                **ATTORNEYS FOR PLAINTIFF**


                **<u>CERTIFICATE OF SERVICE</u>**


        I hereby certify that on January 31, 2020, a PDF copy of the foregoing was filed with the Court via CaseNet and will be served on Defendants along with the summons and other papers required for service.

                /s/ *Kenneth D. Kinney*
                **ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:27 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| *Plaintiff* | ) | |
| vs. | ) | Case No. 2016-CV01038 |
| | ) | |
| QUALITY TRAILER PRODUCTS, LP, | ) | Division 12 |
| ROCKWELL AMERICAN MANUFACTURING, | ) | |
| and DEXTER AXLE COMPANY | ) | |
| *Defendants* | ) | |

**<u>ORDER</u>**

Before the Court is <u>Plaintiff's Motion for Extension of Time to Serve Summonses</u>, which was filed on January 31, 2020. Having reviewed the motion, the applicable authority, and the relevant circumstances, Plaintiff's motion is hereby GRANTED. Plaintiff shall have until March 13, 2020 to serve the summonses issued by the Court on January 14, 2020.

**IT IS SO ORDERED.**

_____
Date

_____
JENNIFER PHILLIPS, **Circuit Judge**

1

Electronically Filed - Jackson - Independence - January 31, 2020 - 03:27 PM

Proposed Order Submitted By:

**RALSTON KINNEY, LLC**

/s/ *Kenneth D. Kinney*
Thomas F. Ralston, MO #61052
Kenneth D. Kinney, MO #67435
4717 Grand Avenue, Suite 250
TEL:   (816) 298-0086
FAX:   (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2020, a PDF copy of the foregoing was filed with the Court via CaseNet and will be served on Defendants along with the summons and other papers required for service.

/s/ *Kenneth D. Kinney*
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - February 10, 2020 - 12:11 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| | ) | |
| *Plaintiff* | ) | Case No. 2016-CV01038 |
| vs. | ) | |
| | ) | Division: 12 |
| QUALITY TRAILER PRODUCTS, LP, ET AL. | ) | |
| | ) | Judge Jennifer Phillips |
| *Defendants* | ) | |

<u>**MOTION FOR SPECIAL PROCESS SERVER**</u>

COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 and Supreme Court Rules 54.13, hereby moves the Court for its Order appointing Jeffrey B. Aronson, PPS20-0613, as private process server to serve Defendants Quality Trailer Products, LP and Dexter Axle Company, in this case. Mr. Aronson is over the age of 18, is not a party to this action, currently appears on the Court's "Private Process Server Approval List" and has been prequalified to serve process for cases pending in the Sixteenth Judicial Circuit.

Respectfully Submitted,

**RALSTON KINNEY, LLC**

/s/ *Thomas F. Ralston*
Thomas F. Ralston, MO #61052
Kenneth D. Kinney, MO #67435
4717 Grand Avenue, Suite 250
Tel: (816) 298-0086
Fax: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - February 10, 2020 - 12:11 PM

## **CERTIFICATE OF SERVICE**

     I hereby certify that on February 10, 2020, a PDF copy of the foregoing was filed with the Court via CaseNet and will be served on Defendants along with the summons and other papers required for service.

/s/ *Thomas F. Ralston*
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - February 10, 2020 - 12:11 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| | ) | |
| *Plaintiff* | ) | Case No. 2016-CV01038 |
| vs. | ) | |
| | ) | Division: 12 |
| QUALITY TRAILER PRODUCTS, LP, ET AL. | ) | |
| | ) | Judge Jennifer Phillips |
| *Defendants* | ) | |

**ORDER APPOINTING SPECIAL PROCESS SERVER**

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and Jeffrey B. Aronson (PPS20-0613) is hereby appointed to serve process in the above captioned matter.

_____          _____
**Date**                                                                    **JUDGE OR CLERK OF THE COURT**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 10, 2020, a PDF copy of the foregoing was filed with the Court via CaseNet and will be served on Defendants along with the summons and other papers required for service.

/s/ *Thomas F. Ralston*
**ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - February 10, 2020 - 12:11 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| | ) | |
| *Plaintiff* | ) | Case No. 2016-CV01038 |
| vs. | ) | |
| | ) | Division: 12 |
| QUALITY TRAILER PRODUCTS, LP, ET AL. | ) | |
| | ) | Judge Jennifer Phillips |
| *Defendants* | ) | |

<u>**ORDER APPOINTING SPECIAL PROCESS SERVER**</u>

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is sustained and Jeffrey B. Aronson (PPS20-0613) is hereby appointed to serve process in the above captioned matter.

_____11-Feb-2020_____
**Date**

DEPUTY COURT ADMINISTRATOR

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on February 10, 2020, a PDF copy of the foregoing was filed with the Court via CaseNet and will be served on Defendants along with the summons and other papers required for service.

/s/ *Thomas F. Ralston*
**ATTORNEY FOR PLAINTIFF**



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2016-CV01038 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL HEYSER | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250 |
| vs. | KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: **DEXTER AXLE COMPANY**<br>Alias:<br>THE CORPORATION COMPANY<br>120 S CENTRAL AVE<br>CLAYTON, MO 63105 | **PRIVATE PROCESS SERVER** |

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11-FEB-2020
_____
Date

_____ Clerk

Further Information:
_____

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

BONNIE LOVE, (name) R.A., THE CORPORATION COMPANY (title).

☐ other _____

Served at 120 S.CENTRAL AVE, CLAYTON, MISSOURI 63105 (address)

in ST. LOUIS (County/City of St. Louis), MO, on 2/12/2020 (date) at 12:42 P.M. (time).

JEFFREY B. ARONSON _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

CARLA WALKER
Notary Public, Notary Seal     Subscribed and sworn to before me on FEBRUARY 12th 2020 (date).
State of Missouri
St. Louis County     My commission expires: March 29, 2020 _____
Commission # 12342042                              Date          Notary Public
My Commission Expires 03-29-2020

| Sheriff's Fees | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-1287** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Independence - February 12, 2020 - 02:55 PM



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Electronically Filed - Jackson - Independence - February 12, 2020 - 02:55 PM

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2016-CV01038 |
| Plaintiff/Petitioner:<br>MICHAEL HEYSER | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons in Civil Case

| | |
|---|---|
| The State of Missouri to: **DEXTER AXLE COMPANY**<br>Alias: | **PRIVATE PROCESS SERVER** |
| THE CORPORATION COMPANY<br>120 S CENTRAL AVE<br>CLAYTON, MO 63105 | |

**COURT SEAL OF**

**JACKSON COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11-FEB-2020
Date

_____ Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

BONNIE LOVE, _____ (name) R.A., THE CORPORATION COMPANY (title).

☐ other _____

Served at 120 S. CENTRAL AVE. CLAYTON, MISSOURI 63105 (address)

in ST. LOUIS (County/City of St. Louis), MO, on 2/12/2020 (date) at 12:42 P.M. (time).

JEFFREY B. ARONSON
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

CARLA WALKER
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 12342042
My Commission Expires 03-29-2020

Subscribed and sworn to before me on FEBRUARY 12th 2020 (date).

My commission expires: March 29, 2020
Date        Notary Public

| | |
|---|---|
| Summons | $ _____ |
| Non Est | $ _____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| **Total** | $ _____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 20-SMCC-1287** 1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - Jackson - Independence - February 12, 2020 - 02:55 PM



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2016-CV01038 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL HEYSER | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250<br>KANSAS CITY, MO 64112 |
| vs. | |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: QUALITY TRAILER PRODUCTS, LP
Alias:

**CT CORPORATION SYSTEM**
**120 S CENTRAL AVE**
**CLAYTON, MO 63105**

## PRIVATE PROCESS SERVER

COURT SEAL OF

CIRCUIT COURT OF MISSOURI

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

11-FEB-2020
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 who permanently resides with the Defendant/Respondent.
☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
BONNIE LOVE (name) A.A., CT CORPORATION SYSTEM (title).
☐ other _____.

Served at 120 S. CENTRAL AVE., CLAYTON, MISSOURI 63105 (address)
in ST. LOUIS (County/City of St. Louis), MO, on 2/12/2020 (date) at 12:42 P.M. (time).
JEFFREY B. ARONSON
Printed Name of Sheriff or Server          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on FEBRUARY 12th 2020 (date).

CARLA WALKER
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 12342042
My Commission Expires 03-29-2020

My commission expires: March 29, 2020
Date                    Notary Public

**Sheriff's Fees**

| Summons | $ |
|---|---|
| Non Est | $ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| **Total** | $ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-1286  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo



## IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

Electronically Filed - Jackson - Independence - February 12, 2020 - 02:55 PM

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2016-CV01038 |
| Plaintiff/Petitioner:<br>MICHAEL HEYSER | Plaintiff's/Petitioner's Attorney/Address<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250<br>KANSAS CITY, MO  64112 |
| vs. | |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO  64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  QUALITY TRAILER PRODUCTS, LP
Alias:

CT CORPORATION SYSTEM
120 S CENTRAL AVE
CLAYTON, MO 63105

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

**You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

11-FEB-2020
Date

*CIRCUIT COURT OF MISSOURI*

*JACKSON COUNTY*

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

BONNIE LOVE                           (name) R.A., CT CORPORATION SYSTEM                    (title).

☐ other _____.

Served at 120 S. CENTRAL AVE., CLAYTON, MISSOURI 63105                          (address)

in ST. LOUIS          (County/City of St. Louis), MO, on 2/12/2020 (date) at 12:42 P.M.,          (time).

JEFFREY B. ARONSON
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

CARLA WALKER
Notary Public, Notary Seal
State of Missouri
St. Louis County
Commission # 12342042
My Commission Expires 03-29-2020

Subscribed and sworn to before me on FEBRUARY 12TH 2020          (date).

My commission expires: March 29, 2020
Date                                      Notary Public

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $  10.00 |
| Mileage | $_____ ( _____ miles @ $_____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 20-SMCC-1286   1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**AT INDEPENDENCE**

MICHAEL HEYSER                              )
                              *Plaintiff*       )
            vs.                                )        Case No. 2016-CV01038
                                               )
QUALITY TRAILER PRODUCTS, LP,        )        Division 12
ROCKWELL AMERICAN MANUFACTURING,  )
and DEXTER AXLE COMPANY              )
                              *Defendants*    )

```
┌─────────────────────────────┐
│          FILED              │
│        DIVISION 12         │
│  19-Feb-2020  17:13        │
│ CIRCUIT COURT OF JACKSON COUNTY, MO │
│ BY    Erica L. Frank        │
└─────────────────────────────┘
```

**ORDER**

Before the Court is <u>Plaintiff's Motion for Extension of Time to Serve Summonses</u>, which

was filed on January 31, 2020. Having reviewed the motion, the applicable authority, and the

relevant circumstances, Plaintiff's motion is hereby GRANTED. Plaintiff shall have until March

13, 2020 to serve the summonses issued by the Court on January 14, 2020.

**IT IS SO ORDERED.**


  19-Feb-2020                        _____
Date                                 JENNIFER PHILLIPS, **Circuit Judge**

1

## CERTIFICATE OF MAILING

It is hereby certified that a copy of the forgoing was sent via the E-Filing System and/or U.S. Mail, postage pre-paid, this __19th__ day of __February__ , 2020, to all attorneys of record.


_Erica L. Frank_
Law Clerk

2

Electronically Filed - Jackson - Independence - February 25, 2020 - 04:49 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| | ) | |
| *Plaintiff* | ) | Case No. 2016-CV01038 |
| vs. | ) | |
| | ) | Division: 12 |
| QUALITY TRAILER PRODUCTS, LP, ET AL. | ) | |
| | ) | Judge Jennifer Phillips |
| *Defendants* | ) | |

<u>**MOTION FOR SPECIAL PROCESS SERVER**</u>

COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 and Supreme Court Rules 54.13, hereby moves the Court for its Order appointing Julia Fowler as private process server to serve Defendant Rockwell American Manufacturing, in this case. Ms. Fowler is over the age of 18 and is not a party to this action. Ms. Fowler does not currently appear on the Court's "Private Process Server Approval List" but has executed the attached affidavit (Exhibit A) swearing to her qualifications to serve process in the state of Texas.

Respectfully Submitted,

**RALSTON KINNEY, LLC**

<u>/s/ *Thomas F. Ralston*</u>
Thomas F. Ralston, MO #61052
Kenneth D. Kinney, MO #67435
4717 Grand Avenue, Suite 250
Tel: (816) 298-0086
Fax: (816) 298-9455
Email: tom@rklawllc.com
Email: ken@rklawllc.com

**ATTORNEYS FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - February 25, 2020 - 04:49 PM

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on February 25, 2020, a PDF copy of the foregoing was filed with the Court via CaseNet and will be served on Defendants along with the summons and other papers required for service.

                          /s/ *Thomas F. Ralston*
                          **ATTORNEY FOR PLAINTIFF**

Electronically Filed - Jackson - Independence - February 25, 2020 - 04:49 PM

**IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT INDEPENDENCE**

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| | ) | |
| *Plaintiff* | ) | Case No. 2016-CV01038 |
| vs. | ) | |
| | ) | Division: 12 |
| QUALITY TRAILER PRODUCTS, LP, ET AL. | ) | |
| | ) | Judge Jennifer Phillips |
| *Defendants* | ) | |

## ORDER APPOINTING SPECIAL PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is

sustained and Julia Fowler is hereby appointed to serve process in the above captioned matter.

_____                    _____
**Date**                                          **JUDGE OR CLERK OF THE COURT**

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2020, a PDF copy of the foregoing was filed with
the Court via CaseNet and will be served on Defendants along with the summons and other
papers required for service.

/s/ *Thomas F. Ralston*
**ATTORNEY FOR PLAINTIFF**

FILED
DIVISION 12
02-Mar-2020   16:17
CIRCUIT COURT OF JACKSON COUNTY, MO
BY   *Erica L. Frank*

## IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT INDEPENDENCE

| | | |
|---|---|---|
| MICHAEL HEYSER | ) | |
| | ) | |
| *Plaintiff* | ) | Case No. 2016-CV01038 |
| vs. | ) | |
| | ) | Division: 12 |
| QUALITY TRAILER PRODUCTS, LP, ET AL. | ) | |
| | ) | Judge Jennifer Phillips |
| *Defendants* | ) | |

### ORDER APPOINTING SPECIAL PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is

sustained and Julia Fowler is hereby appointed to serve process in the above captioned matter.

_____02-Mar-2020_____

**Date**

_____

**JUDGE OR CLERK OF THE COURT**



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2016-CV01038 |
| Plaintiff/Petitioner:<br>MICHAEL HEYSER<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250<br>KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas<br>INDEPENDENCE, MO 64050 |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **ROCKWELL AMERICAN MANUFACTURING**
Alias:

**PRINIPAL PLACE OF BUSINESS**
**604 W MAIN ST**
**AZLE, TX 76020**

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

03-MAR-2020
_____
Date

_____
Clerk

Further Information:

---

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other (describe) _____

Served at _____ (address)

in _____ County, _____ (state), on _____ (date) at _____ (time).

_____ _____
Printed Name of Sheriff or Server         Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)   ☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☐ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

*(Seal)*

_____
Signature and Title

---

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

**See the following page for directions to clerk and to officer making return on service of summons.**

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* **Document ID# 20-SMOS-184** 1 of 2     **(2016-CV01038)**
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00192-RK   Document 1-1   Filed 03/13/20   Page 85 of 89

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion must be served on each Defendant/Respondent. If any Defendant/Respondent refuses to receive the copy of the summons and motion when offered, the return shall be prepared accordingly so as to show the offer of the officer to deliver the summons and motion and the Defendant's/Respondent's refusal to receive the same.

Service shall be made: (1) On Individual. On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion to the individual personally or by leaving a copy of the summons and motion at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and petition to an agent authorized by appointment or required by law to receive service of process; (2) On Guardian. On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion to the guardian personally; (3) On Corporation, Partnership or Other Unincorporated Association. On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body. Upon a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory of the United States. If served in a territory, substitute the word "territory" for the word "state."

The office making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths. This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than 30 days from the date the Defendant/Respondent is to appear in court. The return should be made promptly and in any event so that it will reach the Missouri Court within 30 days after service.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only*: **Document ID# 20-SMOS-184** 2 of 2    **(2016-CV01038)**
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00192-RK    Document 1-1    Filed 03/13/20    Page 86 of 89

## SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org  →  Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Electronically Filed - Jackson - Independence - March 09, 2020 - 02:34 PM



**IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: 2016-CV01038 |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL HEYSER | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250 |
| vs. | KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | INDEPENDENCE, MO 64050<br>(Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **ROCKWELL AMERICAN MANUFACTURING**
Alias:

**PRINIPAL PLACE OF BUSINESS**
**604 W MAIN ST**
**AZLE, TX 76020**

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

03-MAR-2020
Date _____  Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Parker_ County, _Texas_ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _James Strubblefield_ (name) _Controller_ (title).
   ☐ other (describe) _____ (address)
   Served at _604 W. Main St Azle_
   in _Parker_ County, _Texas_ (state), on _3/5/20_ (date) at _9.10 am_ (time).

   _Julia Fowler_                              _Julia Fowler_
   Printed Name of Sheriff or Server          Signature of Sheriff or Server

   Subscribed and Sworn To me before this _9_ (day) _March_ (month) _2020_ (year)
   I am: (check one)
   ☐ the clerk of the court of which affiant is an officer.
   ☐ the judge of the court of which affiant is an officer.
   ☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
   ☐ authorized to administer oaths. (use for court-appointed server)

   (Seal) LINDSEY HALE
   Notary Public
   STATE OF TEXAS
   ID # 131032522
   My Comm. Expires 07-24-2022

   _Lindsey Hale_
   Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Mileage | $ _____ ( _____ miles @ $ _____ per mile) |
| Total | $ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* Document ID# 20-SMOS-184  1 of 2          (2016-CV01038)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Electronically Filed - Jackson - Independence - March 09, 2020 - 02:34 PM

 **IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI**

| Judge or Division:<br>JENNIFER PHILLIPS | Case Number: **2016-CV01038** |
|---|---|
| Plaintiff/Petitioner:<br>MICHAEL HEYSER | Plaintiff's/Petitioner's Attorney/Address:<br>THOMAS F RALSTON<br>4717 GRAND AVE<br>SUITE 250 |
| vs. | KANSAS CITY, MO 64112 |
| Defendant/Respondent:<br>QUALITY TRAILER PRODUCTS, LP | Court Address:<br>308 W Kansas |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | INDEPENDENCE, MO 64050 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to: **ROCKWELL AMERICAN MANUFACTURING**
            **Alias:**

**PRINIPAL PLACE OF BUSINESS**
**604 W MAIN ST**
**AZLE, TX 76020**

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

      You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.

*JACKSON COUNTY*

03-MAR-2020
Date                                Clerk

Further Information:

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _Process Server_ of _Parker_ County, _Texas_ (state).
3. I have served the above summons by: (check one)
   ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the defendant/respondent.
   ☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _James Strubblefield_ (name) _Controller_ (title).
   ☐ other (describe) _____ (address)
Served at _604 W. Main St Azle_ in _Parker_ County, _Texas_ (state), on _3/5/20_ (date) at _9.10 am_ (time).

_Julia Fowler_                             _Julia Fowler_
Printed Name of Sheriff or Server              Signature of Sheriff or Server

Subscribed and Sworn To me before this _9_ (day) _March_ (month) _2020_ (year)
I am: (check one)
☐ the clerk of the court of which affiant is an officer.
☐ the judge of the court of which affiant is an officer.
☒ authorized to administer oaths in the state in which the affiant served the above summons. (use for out-of-state officer)
☐ authorized to administer oaths. (use for court-appointed server)

(Seal)    LINDSEY HALE<br>   Notary Public<br>   STATE OF TEXAS<br>   ID # 131065252<br>   My Comm. Expires 07-24-2022

_Lindsey Hale_
Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( _____ miles @ $ _____ per mile) |
| Total | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

OSCA (8/2018) SM60 (JAKSMOS) *For Court Use Only:* Document ID# **20-SMOS-184** 1 of 2       (2016-CV01038)
Rules 54.06, 54.07, 54.14, 54.20; 506.500, 506.510 RSMo

Case 4:20-cv-00192-RK   Document 1-1   Filed 03/13/20   Page 89 of 89